PORTER, APPELLANT, *v.*
MILLER, APPELLEE.

(No. L-83-236—Decided
November 18, 1983.)

Mr. *John R. Polofka,* for appellant.
Mr. *Charles A. Stupsker,* for appellee.

HANDWORK, J. This case is before the court on appeal from a judgment of the Toledo Municipal Court.

## I

From such material as appears in the record, the following account states the essential facts. Appellant, Colleen Porter, leased an apartment from appellee, William Miller. Her apartment is one of four such units in a two-level house, located at 339 East Broadway Street. She resides in the lower right-front unit facing East Broadway Street. There are two separate walkways running in parallel fashion between the sidewalk and the front porch of the house. On January 24, 1982, appellant and her son, Kelly, left the apartment, intending to go to a nearby store. Snow and ice had accumulated on the length of the walkway leading from the sidewalk near the street to the steps adjacent to appellant's unit. Simply stated, appellant slipped and fell on the ice, fracturing her ankle, the injury for which she now sues.

The relevant procedural aspects of this case began on January 13, 1983, when appellant filed a complaint seeking $10,000 in damages against defendant-appellee. An answer to appellant's complaint was thereafter filed and later, on April 19, 1983, appellee filed a motion for summary judgment. The trial court granted appellee's motion on July 11, 1983. In bringing this appeal, appellant presents two assignments of error for our review:

"ASSIGNMENT OF ERROR NO. 1: The lower court erred in granting Defendant's Motion for Summary Judgment. The evidence, when viewed in a light most favorable to Plaintiff, shows that there are genuine issues of material fact to be decided by the jury in this case.

"ASSIGNMENT OF ERROR NO. 2: The facts when viewed in a light most favorable to the Plaintiff shows [sic] that Plaintiff was injured when she slipped on unnatural accumulation of snow and ice in a common area of the building and is, therefore, entitled to a jury trial on these issues."

Since both assignments maintain that genuine issues of material fact existed, which, in turn, warranted the denial of appellee's summary judgment motion, they will be treated together for the purposes of this appeal.

## II

In *Vetovitz Bros., Inc.* v. *Kenny Constr. Co.* (1978), 60 Ohio App. 2d 331, 332 [14 O.O.3d 292], the Court of Appeals for Medina County observed that:

"Summary judgment is a procedural device to terminate litigation and to avoid a formal trial where there is nothing to try. It must be awarded with caution, resolving doubts and construing evidence against the moving party, and granted only when it appears from the evidentiary material that reasonable minds can reach only an adverse conclusion as to the party opposing the motion."

See, also, *Harless* v. *Willis Day Warehousing Co.* (1978), 54 Ohio St. 2d 64, 66 [8 O.O.3d 73]; *Siegler* v. *Batdorff* (1979), 63 Ohio App. 2d 76, 80 [17 O.O.3d 46].

In negligence actions particularly, summary judgment is properly granted only when (1) there exists no genuine issue of material fact and (2) the moving

party is entitled to judgment as a matter of law.

With these procedural rules in mind, we turn to consider appellant's contentions. Appellant's assignments of error, in essence, rest on two unstated premises: (1) that the snow and ice on which she slipped and fell was "unnatural" (in some undefined sense) and (2) that the walkway or approach involved here was a "common area" or "common approach," as those terms are typically used in landlord-tenant "slip-and-fall" cases.

## A

We must initially disagree with appellant's tacit assumption that the accumulated snow and ice was "unnatural." First of all, such a characterization is misleading. "Unnatural" accumulation must refer to causes and factors *other than* the inclement weather conditions of low temperature, strong winds and drifting snow, *i.e.*, to causes other than the meteorological forces of nature. By definition, then, the "unnatural" is the man-made, the man-caused; extremely severe snow storms or bitterly cold temperatures do not constitute "unnatural" phenomena. In *Perazzo* v. *Dayton Hasty-Tasty, Inc.* (1962), 119 Ohio App. 453, 458 [28 O.O.2d 72], the court quoted approvingly a trial court's instruction to the jury on the meaning of "a natural accumulation of ice and snow." The court's instruction stated, in pertinent part: "[B]y natural accumulation is meant that what [*sic*] accumulates as a result of an act of nature. Any other accumulation which results from an act of man is not natural accumulation."

Second, since the build-up of snow and ice during winter is regarded as a natural phenomenon, the law requires, at the very least, some evidence of an intervening act by the landlord (or a property owner) that perpetuates or aggravates the pre-existing, hazardous presence of ice and snow. Cf. *Dailey* v. *Sears, Roebuck & Co.* (N.D. Ohio 1949), 58 Ohio Law Abs. 16. No evidence appears in the record to suggest that appellee did anything to alter this "natural" condition to some other condition that was "unnatural." In fact, appellant admitted that appellee, as landlord, "never cleared away snow and ice." Thus, no genuine question of fact existed on this issue and, without more, appellee could not be held liable, as a matter of law, for injuries resulting from appellant's fall on the natural accumulation of ice and snow on the walkway. See *DeAmiches* v. *Popczun* (1973), 35 Ohio St. 2d 180 [64 O.O.2d 106]; *Turoff* v. *Richman* (1944), 76 Ohio App. 83 [31 O.O. 400]; cf. *Ross* v. *Herberling* (1952), 92 Ohio App. 148, 150 [49 O.O. 281].

As has been repeatedly held:

"The dangers from natural accumulations of ice and snow are ordinarily so obvious and apparent that a landlord may reasonably expect that a tenant on a common driveway will act to protect himself against them." *DeAmiches* v. *Popczun, supra,* paragraph one of the syllabus.

Indeed, hazardous winter weather conditions are to be expected in this region of the country, as anyone who has lived here can readily attest.[1] Unless appellee, as landlord, breached some legal duty to clear the walkway of ice and snow,

---

[1] In *Sidle* v. *Humphrey* (1968), 13 Ohio St. 2d 45, 49 [42 O.O.2d 96], the Ohio Supreme Court, quoting from *Norwalk* v. *Tuttle* (1906), 73 Ohio St. 242, 245, stated as follows:

" 'In a climate where the winter brings frequently recurring storms of snow and rain and sudden and extreme changes in temperature, these dangerous conditions appear with a frequency and suddenness which defy prevention

and, usually, correction. Ordinarily, they disappear before correction would be practicable * * *. To hold that a liability results from these actions of the elements would be the affirmance of a duty which it would often be impossible, and ordinarily impracticable * * * to perform.' "

In this respect, a review of the interrogatories reveals appellant's admission that

appellant assumed the risk of any resulting injury when she ventured onto the steps and walkway, knowing full well that they were covered with ice and snow.[2] See *DeAmiches* v. *Popczun, supra,* paragraph three of the syllabus; *Turoff* v. *Richman, supra;* cf. *Straley* v. *Keltner* (1959), 109 Ohio App. 51 [10 O.O.2d 214] ("* * * [T]he grounds, walks and platform * * * [were] covered with frost and ice which * * * [was] plainly visible and which the tenant * * * [saw].").

### B

We now focus our attention on appellant's second unstated premise: that this case involves a "common walkway" or "common approach."

Having reviewed the record herein, we conclude that, as a matter of law, appellee could not be found liable on a negligence theory for failing to remove ice and snow, because the walkway in question is simply not a "common area," a "common pathway," or a "common approach."

In *Keister* v. *Park Centre Lanes* (1981), 3 Ohio App. 3d 19, the Court of Appeals for Stark County stated:

"To defeat a motion for summary judgment filed by defendant in a negligence action, *plaintiff must identify a duty, or duties, owed him by the defendant,* and the evidence must be sufficient, considered most favorably to the plaintiff, to allow reasonable minds to infer that a specific duty was breached, that the breach of duty was the proximate cause of plaintiff's injury, and that plaintiff was injured." (Emphasis added.)

Obviously, the landlord's liability does not accrue until and unless he is first shown to have had a legal duty to remove ice and snow from the walkway, *Keister* v. *Park Centre Lanes, supra,* and that duty arises only in those cases in which the areas, stairways and pathways involved *are used in common* by all (or a majority of) the tenants. This case is not one of them.

Here, no common approaches or walkways existed between the separate apartment units. Nor is there one area used by all the tenants (and their families) as the sole means of ingress and egress. Thus, the cases which rely on these facts are easily distinguishable. See, *e.g.* *Oswald* v. *Jeraj* (1946), 146 Ohio St. 676 [33 O.O. 162]; *Ross* v. *Herberling, supra;*

---

the cause of the "unnatural" accumulation of snow and ice was "blowing and drifting snow and extemely cold weather," not any affirmative act by appellee. Thus, since appellee, as landlord, had no legal duty (contractual or otherwise) to remove from the walkway natural, accumulated ice and snow, he cannot be held liable for having "failed" in that regard. See *DeAmiches* v. *Popczun* (1973), 35 Ohio St. 2d 180 [64 O.O.2d 106]; *Turoff* v. *Richman* (1944), 76 Ohio App. 83 [31 O.O. 400].

[2] Most recently, in *Anderson* v. *Ceccardi* (1983), 6 Ohio St. 3d 110, 114, the Ohio Supreme Court stated that:

"[O]ur merger of the two doctrines [the defenses of assumption of risk and contributory negligence] is *not* intended to merge that type of assumption of risk defined as 'primary assumption of risk,' which concerns cases where there is *a lack of duty owed by the defendant to the plaintiff.*" (Emphasis added; citation omitted.)

The instant case typifies the "primary assumption of risk" category of cases. Here, appellee had no duty to remove from a noncommon walkway accumulated ice and snow. Thus, appellee cannot be said to have *breached* any duty owed to appellant. Cf. *Keister* v. *Park Centre Lanes* (1981), 3 Ohio App. 3d 19, 25-26 ("The evidence in this case fails to demonstrate, taken most favorably to the plaintiff, that the defendant breached any duty owed to this plaintiff. * * * The defenses of contributory negligence and assumption of risk may be analyzed on the same basis. However, in this case, there is no need to reach those issues since we concluded that the defendant was not negligent.").

cf. *Reynolds* v. *Cherrington* (App. 1943), 45 Ohio Law Abs. 564.

In this case, some evidence suggests that, on occasion, the tenant leasing the unit directly above appellant's apartment used the same walkway to enter and exit the building. However, the mere fact that more than one tenant infrequently uses the same steps or pathway does not suffice to show that it is a "common approach." See *Kline* v. *Rider* (App., 1947), 48 Ohio Law Abs. 1. In *Bowman* v. *Goldsmith Bros. Co.* (App. 1952), 63 Ohio Law Abs. 428 [48 O.O. 60], the court, in the second and sixth paragraphs of the syllabus therein, held as follows:

"2. If a landlord, in renting an apartment, retains no right to the possession and control of a stairway leading from a first floor landing to the second floor landing of the leased apartment, then he is under no legal duty to keep it free from ice and snow.

"* * *

"6. Where passageways and stairways or substantial parts thereof lead only to rooms or apartments under demise to one tenant, and under the physical conditions extant could not be used as a means of ingress to any part of the premises not rented to such tenant, there is no presumption of possession or control by the landlord."

Since the issue of "commonality" concerns *only* the walkway in front of appellant's apartment unit, and since appellee retained no "possession or control" over it, he was under no legal duty to clear accumulated ice and snow from it (or to keep it clear). The several separate means of ingress and egress were exclusively under the control of the individual tenants, on whom the responsibility fell for removing ice and snow during wintertime. Having reviewed the record herein, and in particular the interrogatories, we note that appellant's son undertook the job of removing snow and ice from the walkway during the winters of 1976 and 1977. This is at least consistent with ap-

pellee's affidavit, in which he states that one of the conditions under which he leased the apartment was that the tenant (here, appellant) would clear the walkway, as needed, during the winter. That this was in fact the understanding is not controverted by appellant, and it is supported by the affidavit of two other tenants. Moreover, as it is usually stated, the landlord must expressly or impliedly obligate himself in the lease to keep the approach to the building free of ice and snow. *Oswald* v. *Jeraj, supra; Turoff* v. *Richman, supra.* Here, there was no such agreement, either express or implied.

### III

Appellant additionally claims that appellee prohibited her from using salt to dissolve the ice build-up, and further submits that appellee's denial of this claim presents a "genuine issue of material fact" justifying a trial on the merits. The affidavit of two other tenants indicates that someone from Brink Unit Step Company of Perrysburg, and not appellee, advised the tenants against using salt. These affiants also state that the landlord, appellee herein, "did not restrict us as to snow and ice removal or with the use of salt on said steps."

In any event, this isolated point on which the claims of the parties diverged does not, in itself, rise to the level of a genuine factual issue sufficiently great to have warranted the denial of appellee's motion. There existed no genuine factual issue on whether the walkway in question was a "common approach" — it was not. Appellee was entitled to judgment as a matter of law, because he had no legal duty to remove therefrom natural accumulations of ice and snow. Even when construing the facts in a manner most favorable to appellant, we agree with the trial court that reasonable minds could come to but one conclusion, which is adverse to her position. See Civ. R. 56(C). The trial court did not err in granting appellee's motion for summary judgment. Accordingly, ap-

pellant's assignments of error are not well-taken.

On consideration whereof, the judgment of the Toledo Municipal Court is hereby affirmed.

*Judgment affirmed.*

DOUGLAS and RESNICK, JJ., concur.