JOURNAL ENTRY and OPINION
Appellant Joyce Zwick appeals a jury verdict finding appellee Cashelmara Condominium Association not liable for injuries she sustained when she fell in the delivery area of her condominium complex. Zwick assigns the following error for our review:
 THE JURY VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Having reviewed the record and the legal arguments of the parties, we affirm the decision of the trial court. The apposite facts follow.
On the afternoon of January 2, 1994, Joyce Zwick slipped and fell on ice in an outdoor area on the grounds of the Cashelmara Condominiums. Several weeks earlier, the property manager of the complex, Kathleen Cahill, posted a notice informing residents to dispose of live Christmas trees in the area known as the delivery entrance. Zwick's fall occurred as she was starting to return to her condominium after discarding a bough in the designated area. Zwick contacted her husband, who immediately videotaped the area where his wife fell, and then took her to the hospital, where it was determined that Zwick suffered a severe wrist fracture.
Zwick later filed a negligence action against Cashelmara seeking damages for her injuries. Zwick alleged that she paid a monthly maintenance fee to the Condominium Association, part of which was used for the removal of ice and snow from the premises. The By-Laws of the Condominium Association provided that "the Association may elect to assume responsibility for maintaining landscaping and for snow removal within Limited Common Areas." In 1993, the Condominium Association contracted with Zergott Landscaping, Inc. for snow removal. The contract provided that "[i]f icy conditions occur, it is up to the management of Cashelmara to contact Zergott's to have this problem handled." Zwick alleged that, through its contract with Zergott and the language of its by — laws, Cashelmara assumed a duty to remove ice and snow from the premises.
Cashelmara moved for summary judgment on Zwick's complaint, arguing that Zwick fell on a natural accumulation of ice and snow which it had no duty to remove. In response to the summary judgment motion, Zwick attached an affidavit from her husband, who was a professional engineer and registered surveyor. In the affidavit, Peter Zwick averred that the ice in the area where his wife fell was formed by surface water collecting and later freezing in cracks in the concrete caused by heavy moving vans and trucks.
The trial court granted Cashelmara's motion for summary judgment. However, this court reversed the order of summary judgment in Zwick v. Cashelmara Condominium Association (Oct. 2, 1997), Cuyahoga App. No. 71630, unreported and remanded the case to the trial court. We concluded that genuine issues of fact existed as to whether Cashelmara had an express duty to have the ice removed from the disposal area and whether Cashelmara negligently breached that duty.
The case went to trial on April 7, 1998. Zwick presented testimony from Cashelmara's former property manager, Kathleen Cahill, as well as from Peter and Joyce Zwick and from Dr. George Essig. Cashelmara presented no witnesses. The jury returned a verdict in favor of Cashelmara. This appeal followed.
In her assignment of error, Zwick argues the jury's verdict was against the manifest weight of the evidence. She argues that Cashelmara's agreement with Zergott for ice removal created an express duty to remove ice from the common areas of the complex and that Cashelmara's breach of that duty proximately caused her fall.
In determining whether a jury verdict is against the manifest weight of the evidence, we must make every reasonable assumption in favor of the verdict. Moore v. Lupica Towers (Nov. 13, 1997), Cuyahoga App. No. 71551, unreported. If we conclude that the verdict is supported by competent, credible evidence going to all the material elements of the case, it must be upheld. Id. citingC.E. Morris v. Foley Construction Co. (1978), 54 Ohio St.2d 279.
As a general rule, property owners have no duty to remove natural accumulations of ice and snow. LaCourse v. Fleitz (1986),28 Ohio St.3d 209. A landowner has no duty to protect occupants from obvious dangers, such as those from natural accumulations of ice and snow, which the occupant may reasonably be expected to observe and act to protect himself or herself against. Id. at 210, quoting DeAmiches v. Popczun (1973), 35 Ohio St.2d 180, at paragraph one of the syllabus. A landlord is liable only where it is shown that he or she had superior knowledge of the particular danger that caused the injury. Id.
In this case, Zwick's actions at the time of her fall showed that she appreciated the danger of ice accumulation on the pavement outside her condominium unit. She testified that it was about 3:30 PM on a Sunday afternoon. It was still daylight outside and it was not snowing. She wore two sweaters and a turtleneck, heavy corduroy slacks, and suede boots when she went out to discard the bough. She noticed that there was a little snow on the pavement. She walked safely to the disposal area, discarded the bough and was returning to her condominium unit when she fell.
Zwick failed to establish that Cashelmara had any superior knowledge of the danger. Cahill testified that, although she had been in that area from time to time, she did not go to the disposal area on the day of Zwick's fall and did not recall the last time she was in that area prior to the day of Zwick's fall. Cahill did not remember how many times she notified Zergott Landscaping of icy conditions during the contract year of 1993-1994.
Both Zwick and her husband admitted that they never complained to Cashelmara about the disposal area prior to Zwick's fall. They also admitted that they were not aware of any complaints about the disposal area that were expressed to Cashelmara. Both admitted that they were familiar with the dangers of ice and snow formation. Though Peter Zwick speculated that the ice in the disposal area could have been formed when piles of snow caused by snowplowing melted, then refroze, he could not state for certain that the water came from such runoff and presented no evidence as to when the area was last plowed. He also stated the cracks in the concrete allowed for water to collect in the area, but did not specifically state that such collection caused the ice to form on the day of his wife's fall.
A natural accumulation of ice and snow is one which accumulates as an act of nature, as opposed to an unnatural accumulation which is man — made or man — caused. Primozich v.Swolsky (March 29, 1991), Lucas App. No. L-89-378, unreported, citing Porter v. Miller (1983), 13 Ohio App.3d 93, 95. Absent some intervening act by man that aggravates the pre — existing, hazardous presence of ice and snow, a plaintiff may not establish the existence of an unnatural accumulation. Id.
Our review of the evidence presented leads us to the conclusion that Zwick failed to establish that the ice she slipped on was anything other than a natural accumulation or that Cashelmara had any superior knowledge of the danger. We recognize that a property owner may assume a duty to remove natural accumulations of ice and snow by the terms of a contract. La Course at 211. See also Kline v. R.N. Landis Mgt. Co. (May 10, 1990), Cuyahoga App. No. 56946, unreported. However, in order for Zwick to show that Cashelmara breached a duty of care, she had to show either that Cashelmara, its officers or employees were responsible for the hazard complained of; or that at least one of such persons had actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly; or that the danger had existed for a sufficient length of time to justify a reasonable inference that the failure to warn against it or remove it was due to a lack of ordinary care. Baudo v. ClevelandClinic Foundation (1996), 113 Ohio App.3d 245, 247, citingJohnson v. Wagner Provision Co. (1943), 141 Ohio St. 584, 589. Zwick failed on each of these alternative requirements.
During oral argument, Zwick's lawyer argued that a condominium association that assumes the duty to remove natural accumulations of snow and ice by the terms of its by — laws are inherently responsible when an owner slips and falls. We interpreted this argument as one sounding in strict liability. However, Zwick's lawyer rebuffed our characterization and argued that the association had a duty to remove snow and salt the icy conditions. He further argued that, because Zwick had fallen, we should conclude that the association had breached its duty. We decline to take such a leap.
The issue properly before the jury even when the association assumed the duty to remove snow was whether the association had a superior knowledge or created the hazard by its own action. Zwick failed to satisfy either criterion.
However, Zwick's lawyer argued this is no ordinary slip and fall case. He argued the by — laws set this case apart from the norm, and the Kline case dictates that the jury's verdict should be overruled. We disagree. In Kline, we reversed a summary judgment and returned Kline to the trial court because of the breach of contract issue. In Kline, the condominium rules and regulations provided that snow plowing would begin "by 7:00 a.m. on each snowy morning" to plow streets, parking lots and parking spaces when snow accumulations reach approximately 2 inches or more. The plaintiff in Kline presented evidence that she was injured in a fall in the complex's parking lot at around 4:00 p.m.; that it snowed heavily the day before and the day of her fall; that snow in the parking lot had accumulated to over two inches and the lot had not yet been plowed. In Kline, the condominium association contracted with its owners to remove snow at a specific time on snow fall days and failed to do so. Here, the evidence is not the same. Consequently, the jury's verdict stands.
Judgment affirmed.
It is ordered that appellee recover of appellants its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KARPINSKI, P.J., and JAMES D. SWEENEY, J., CONCUR.
 ______________________ PATRICIA ANN BLACKMON JUDGE