DECISION AND JUDGMENT ENTRY
This is a pro se appeal from a judgment of the Huron County Court of Common Pleas which granted the motion for summary judgment of appellee Arby's and dismissed the complaint brought by appellant Debbie L. Hutchins. Pursuant to 6th Dist.Loc.App.R. 12(C), this court hereby assigns this case to the accelerated calendar.
The facts that are relevant to the issues raised on appeal are as follows. On November 11, 1996, appellant parked her car directly outside Arby's in Norwalk, Ohio. As appellant stepped onto the sidewalk next to the restaurant, she slipped and fell. On November 10, 1998, appellant filed a complaint against Arby's in which she asserted that she sustained injuries as a result of the restaurant negligently failing to keep its sidewalks clear of ice and snow and improperly salting the sidewalk. On November 15, 1999, appellee filed a motion for summary judgment in which it argued that appellant had presented no evidence that the slippery surface of the sidewalk outside the restaurant was due to an unnatural accumulation of ice and snow and that appellee had no duty pursuant to Ohio law to remove such a natural accumulation. Appellant filed a memorandum in opposition to appellee's motion on February 24, 2000, in which she asserted that there was a genuine issue as to the nature of the accumulation which caused her to fall and as to whether the pieces of salt spread on the sidewalk may have contributed to her fall. Appellant filed no depositions, affidavits or other evidence in opposition to appellee's motion.
On March 9, 2000, the trial court found appellee's motion well-taken and dismissed appellant's complaint. In its decision, the trial court found that the material facts of the case were not in dispute, that appellant had not identified any defect in the sidewalk or its drainage that contributed to the formation of ice, and that appellant had not offered credible evidence that the manner in which appellee salted the sidewalk created a more hazardous condition than would have existed naturally.
In reviewing a summary judgment, this court must apply the same standard as the trial court. Lorain Natl. Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).
Appellant does not set forth separate assignments of error in her brief on appeal, but she appears to assert that appellee failed to apply salt to an icy sidewalk outside the restaurant and that appellee should have had knowledge of the accumulation of ice.
The general rule in Ohio is that a landowner or occupier has no duty to a business invitee to remove natural accumulations of ice and snow. SeeBrinkman v. Ross (1993), 68 Ohio St.3d 82. This court has stated that an "unnatural accumulation must refer to causes and factors other than the inclement weather conditions of low temperature, strong winds and drifting snow, i.e., to causes other than the meteorological forces of nature." [Emphasis in original.] Porter v. Miller (1983),13 Ohio App.3d 93, 95. This court notes that appellant did not present any evidence to support her opposition to summary judgment. The only evidence before the trial court was that presented by appellee. Upon consideration thereof, this court finds that appellant failed to present evidence that was sufficient to raise a genuine issue of fact as to whether her fall was caused by something other than a natural accumulation of ice resulting from the forces of nature during the winter. Accordingly, the trial court did not err in finding that appellee is entitled to judgment as a matter of law and appellant's arguments are not well-taken.
On consideration whereof, this court finds that substantial justice was done the party complaining and the judgment of the Huron County Court of Common Pleas is affirmed.
Costs of this appeal are assessed to appellant.
 ______________________________ Richard W. Knepper, P.J.
 James R. Sherck, J., George M. Glasser, J., JUDGES CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.