DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from a judgment of the Huron County Court of Common Pleas, in which the trial court granted motions for summary judgment filed by appellees, Joseph Hammerschmidt, Inc., and Let It Snow, Inc., and dismissed appellant's complaint for damages in a slip-and-fall case. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} On appeal, appellant, Pamela Zamano, sets forth the following two assignments of error:
 {¶ 3} "I. The trial court erred in failing to consider the argument that improperly piled snow which is permitted to melt and produce water which runs downhill and refreezes as unseen ice in an area used by business invitees, raises an issue as to the negligence of the parties responsible for the safety of business invitees.
 {¶ 4} "II. The trial court erred in finding that water from improperly piled snow which is permitted to drain downhill, across an area used by pedestrians and which subsequently refreezes, is a natural accumulation of ice."
 {¶ 5} Appellee, Joseph Hammerschmidt, Inc., is the owner of the Norwalk Shopping Center, of which "Apple's" grocery store is a tenant. Appellee, Let It Snow, Inc. ("LIS"), was hired by Hammerschmidt to clear the shopping center's parking lot of snow in the winter of 1998-1999. LIS subcontracted the snow removal job to Bob and Sons.
 {¶ 6} On March 10, 1999, there was a significant snowfall in the Norwalk area, followed by alternating warmer and colder temperatures. Sometime after the March 10 snowfall, an employee of Bob and Sons plowed Apple's parking lot. The snow was piled in rows perpendicular to the Apple store, between the rows where cars were to be parked.
 {¶ 7} On March 11, 1999, appellant parked her minivan in front of Apple's. The front bumper of appellant's minivan was touching a bank of plowed snow. Appellant slipped and fell on ice as she was exiting her vehicle. As a result of her fall, appellant suffered a broken ankle, a broken leg, and a knee injury.
 {¶ 8} On February 2, 2001, appellant filed a complaint against Hammerschmidt and LIS. The complaint alleged that appellant's injuries were caused by appellees' negligence because the snow was improperly piled in Apple's parking lot, thereby causing an unnatural accumulation of ice to form. Medical Mutual of Ohio, which was also named in the complaint, is not a party to this appeal.
 {¶ 9} On June 17, 2002, Hammerschmidt and LIS filed separate motions for summary judgment and memoranda in support thereof in which they asserted that they are not liable for appellant's injuries because she fell on a natural accumulation of ice and/or snow. Appellees argued that, regardless of how the snow was piled in the parking lot, the ice that caused appellant's fall was a result of the natural process of melting and freezing that occurs after every snowfall in Northeast Ohio during the winter months.
 {¶ 10} On July 9, 2002, appellant filed a memorandum in opposition to appellees' motions for summary judgment in which she argued that she fell on an "unnatural" accumulation of ice because the snow in Apple's parking lot was improperly piled between the rows of parked cars, allowing melting snow to run down a gentle grade and refreeze in high-traffic areas of the parking lot.
 {¶ 11} On July 19, 2002, the trial court filed a judgment entry in which it found that, even though the snow in Apple's parking lot could have been piled in a more remote location, the ice on which appellant slipped and fell was open and obvious, and was "naturally caused by fluctuations in the temperature" on March 10 and 11, 1999. Accordingly, the court concluded that appellees were not liable for appellant's injuries. On August 16, 2002, a timely notice of appeal was filed.
 {¶ 12} Appellant asserts in her first assignment of error that the trial court erred by not finding that the ice upon which she fell was a result of "improperly piled snow." Appellant asserts in her second assignment of error that the trial court erred by finding that the ice in this case was a "natural accumulation." We will consider appellant's assignments of error together since she essentially asserts in both that the trial court erred by granting appellees' motions for summary judgment.
 {¶ 13} In reviewing a summary judgment, we must apply the same standard as the trial court. Lorain Natl. Bank v. Saratoga Apts. (1989),61 Ohio App.3d 127, 129. Summary judgment will be granted when there remains no genuine issue of material fact, and when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).
 {¶ 14} Generally, in order to establish negligence, a plaintiff has the burden to show the existence of a duty on the part of the defendant, a breach of that duty, and that the breach proximately caused the aggrieved party's injury. Texler v. D.O. Summers Cleaners ShirtLaundry Co. (1998), 81 Ohio St.3d 677, 680. The existence of a duty depends on the foreseeability of the injury. Id., quoting Menifee v. OhioWelding Products, Inc. (1984), 15 Ohio St.3d 75, 77. The issue of whether or not a duty exists in a negligence action is one of law for the court to determine. Gin v. Yachanin (1991), 75 Ohio App.3d 802, 804, citingMussivand v. David (1989), 45 Ohio St.3d 314.
 {¶ 15} It is undisputed that the duty owed to appellant by appellees was that which is owed to a business invitee. In Ohio, the owner or occupier of land ordinarily owes no duty to business invitees to remove natural accumulations of ice and snow from the premises or to warn invitees of the danger associated with natural accumulations of ice and snow. Brinkman v. Ross (1993), 68 Ohio St.3d 82, 83, citing Debie v.Cochran Pharmacy-Berwick, Inc. (1967), 11 Ohio St.2d 38, and Sidle v.Humphrey (1968), 13 Ohio St.2d 45. "The dangers from natural accumulations of ice and snow are ordinarily so obvious and apparent that an occupier of premises may reasonably expect that a business invitee on his premises will discover those dangers and protect himself against them. * * *" Sidle v. Humphrey (1968) 13, Ohio St.2d 45, paragraph two of the syllabus. "The underlying rationale * * * is that everyone is assumed to appreciate the risks associated with natural accumulations of ice and snow and, therefore, everyone is responsible to protect himself or herself against the inherent risks presented by natural accumulations of ice and snow." Brinkman, supra, at 84.
 {¶ 16} In support of her argument that the ice in Apple's parking lot was "unnatural," appellant relies on Stinson v. Cleveland ClinicFound. (1987), 37 Ohio App.3d 146. In Stinson, the plaintiff fell on ice that formed on a hospital sidewalk as a result of the melting and refreezing of a pile of snow on an adjacent patch of grass. The Cuyahoga County Court of Appeals denied the hospital's motion for summary judgment, after finding that a "triable issue of fact" existed as to whether the formation of ice on the sidewalk was "reasonably foreseeable," and whether hospital security personnel used reasonable care to inspect the walkway. Id. at 149.
 {¶ 17} In LaNier v. Humbard (Apr. 13, 2001), Ottawa App. No. OT-00-013, this court rejected the plaintiff-appellant's argument that, pursuant to Stinson, supra, ice created solely by the melting and refreezing of plowed snow is an "unnatural accumulation" for purposes of determining liability in a negligence action. Id. (other citations omitted). Our decision in that case was based on reasoning set forth inPorter v. Miller (1983), 13 Ohio App.3d 93, and Hoenigman v. McDonald'sCorp. (Jan. 11, 1990), Cuyahoga App. No. 56010.
 {¶ 18} In Porter, supra, the plaintiff was injured after falling on an icy walkway in front of her rented apartment. In analyzing whether or not the ice was a "natural" accumulation which the landlord had no legal duty to remove from the walkway, this court stated that:
 {¶ 19} "`[u]nnatural' accumulation must refer to causes and factors other than the inclement weather conditions of low temperature, strong winds and drifting snow, i.e., to causes other than the meteorological forces of nature. By definition, then, the `unnatural' is the man-made, the man-caused; extremely severe snow storms or bitterly cold temperatures do not constitute `unnatural' phenomena." Id. at 95.
 {¶ 20} In Hoenigman, supra, the plaintiff was injured when he fell in front of a McDonald's restaurant on ice that had accumulated next to a bank of plowed snow. In finding that the restaurant and its owner were not negligent for piling the snow on an island adjacent to where the plaintiff fell, the Cuyahoga Court of Appeals stated:
 {¶ 21} "[a]fter snow is removed from the surface of the parking lot, it must be disposed of. Snow must be placed somewhere. * * *" Accordingly, the court concluded that, in order to show that ice and/or snow was cleared negligently, a plaintiff must present evidence that "the risk of injury was substantially increased" from the risk normally associated with those conditions that create accumulations of ice and snow in the winter in Ohio." Id.
 {¶ 22} It is undisputed in this case that appellant knew she was parking her minivan next to a knee-high snow bank in Apple's parking lot, and she was aware that there could be ice near the snow bank. It is also undisputed that the ice upon which appellant fell was the result of normal thawing and freezing of the snow bank that took place due to rising and falling temperatures after the parking lot was plowed. No evidence was presented to show that the placement of the snow bank, in and of itself, caused appellant to fall.
 {¶ 23} This court has reviewed the entire record of proceedings and, upon consideration thereof and the law, finds that, regardless of where the snow was piled in Apple's parking lot, the ice on which appellant slipped and fell was an open and obvious condition caused by the natural fluctuations in temperature that occur during the winter months in Ohio. Accordingly, the trial court correctly found that appellees did not breach a duty of care owed to appellant in this case. Appellant's two assignments of error are not well-taken.
 {¶ 24} On consideration whereof, this court finds further that no genuine issues of material fact remain and reasonable minds can only conclude that appellees are entitled to summary judgment as a matter of law. The judgment of the Huron County Court of Common Pleas is affirmed. Court costs of these proceedings are assessed to appellant.
JUDGMENT AFFIRMED.
Peter M. Handwork, P.J., Richard W. Knepper, J., and George M.Glasser, J., CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.