JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3.
Plaintiffs-appellants, Donald and Janet Jackson, appeal from the trial court's entry of summary judgment in favor of defendants-appellees, International Brotherhood of Electrical Workers ("IBEW") and Cinelect, Inc. In a single assignment of error, the Jacksons argue that the trial court erred by granting summary judgment. We disagree and affirm the judgment of the trial court.
We review a grant of summary judgment de novo.[1] In this case, IBEW and Cinelect, Inc., were entitled to summary judgment only if (1) there was no genuine issue of material fact; (2) they were entitled to judgment as a matter of law; and (3) it appeared that reasonable minds could come to but one conclusion when viewing the evidence in favor of the Jacksons, and that conclusion was adverse to the Jacksons.[2]
The parties agree that Donald Jackson was an invitee at the time he slipped on ice in the IBEW parking lot. So IBEW and Cinelect owed Jackson a duty to exercise ordinary care and to protect him by maintaining the premises in a reasonably safe condition.[3] IBEW and Cinelect also had a duty to warn Jackson of latent perils on the property of which they had or should have had knowledge.[4]
But, as owners and occupiers of business premises, IBEW and Cinelect did not have a duty to remove natural accumulations of ice and snow; they only had a duty regarding unnatural accumulations.[5] "An unnatural accumulation is one that results from the act of a person — one caused by `factors other than the inclement weather conditions of low temperature, strong winds and drifting snow.'"[6]
In this case, the Jacksons' expert witness determined that the parking lot contained at least two depressed areas, but failed to specify which of the depressions was the one where Jackson had slipped. The expert's conclusion that the depressions "would cause water to accumulate and be trapped when the adjacent parking lot surfaces were completely dry" was nothing more than a confirmation that the ice upon which Jackson slipped had naturally accumulated.
Because the record contains no evidence that suggests that the ice on which Jackson slipped was anything but a natural accumulation, we hold that the trial court properly granted summary judgment in favor of IBEW and Cinelect. We overrule the assignment of error and affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Winkler, P.J., Sundermann and Painter, JJ.
[1] See Doe v. Shaffer, 90 Ohio St.3d 388, 390,2000-Ohio-186, 738 N.E.2d 1243.
[2] See Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105,1996-Ohio-336, 671 N.E.2d 241.
[3] See Light v. Ohio Univ. (1986), 28 Ohio St.3d 66, 68,502 N.E.2d 611.
[4] See Westwood v. Thrifty Boy Super Markets, Inc. (1972),29 Ohio St.2d 84, 86-87, 278 N.E.2d 673.
[5] See Sidle v. Humphrey (1968), 13 Ohio St.2d 45,233 N.E.2d 589, paragraph three of the syllabus.
[6] See Davis v. The Timbers Owners' Assn. (Jan. 21, 2000), 1st Dist. No. C-990409, quoting Porter v. Miller (1983),13 Ohio App.3d 93, 95, 468 N.E.2d 134.