OPINION
{¶ 1} Appellants, Dorothy Belavich and James Belavich, appeal the June 15, 2004 judgment entry, in which the Geauga County Court of Common Pleas granted the motion for summary judgment of appellees, Thomas D. Newcomb and Shirley Newcomb.
 {¶ 2} Appellants filed a complaint against appellees on July 9, 2003. The action stemmed from a slip and fall that occurred on a wooden porch at appellees' home on April 9, 2003. Appellees filed an answer to the complaint on August 18, 2003. Appellees filed a motion for summary judgment on May 6, 2004. Thereafter, on May 19, 2004, appellants filed their brief in opposition to the motion for summary judgment.
 {¶ 3} On April 9, 2003, shortly before 8:00 a.m., appellant Dorothy Belavich and her daughter, Mary Krofcheck ("Mary"), arrived at appellees' home to perform their weekly house cleaning service. Appellant Dorothy Belavich and Mary had been cleaning appellees' residence for about six years. At approximately 10:30 a.m., appellant Dorothy Belavich and Mary began to leave appellees' home the same way they entered, via the wooden porch. Appellant Dorothy Belavich stepped onto the porch and fell. According to appellant Dorothy Belavich, while she was lying on the porch, she noticed that the porch was covered with tiny beads of water which were freezing, and she did not notice this condition until she fell because she was so close to the ground. As a result of the fall, she suffered a fracture of her right tibia and incurred $27,541.21 in medical expenses.
 {¶ 4} Appellee Thomas D. Newcomb stated that the porch was constructed in 1994, and occasionally wood stain was applied to it. He also recalled that he applied Zip Guard Wood Finish stain to the porch in June 1994, August 1998, and August 2000. In August 2002, appellees hired a painting company to paint the exterior of their home. At that time, the painter applied a stain called CFW Floods to the wooden porch.
 {¶ 5} According to the affidavit of appellants' expert, Jeffrey Sturm ("Sturm"), a senior chemist with Wolman Wood Products:
 {¶ 6} "Frozen [b]eads of water on a deck can act like `ball bearings' making it difficult, if not impossible to walk on a wood deck coated with a water repellent. * * *
 {¶ 7} "During warm months, the pores of the wood expand. If a water repellent is not applied water migrates in and out of the wood causing damage. When one sees beading of water on the surface this assures that water is not being allowed to penetrate. * * *"
 {¶ 8} In an entry dated June 15, 2004, the trial court granted appellees' motion for summary judgment and entered judgment in favor of appellees and against appellants. It is from that entry that appellant timely filed the instant appeal and now assigns a single assignment of error for our consideration:
 {¶ 9} "The trial court committed reversible error by granting summary judgment in favor of [appellees]."
 {¶ 10} In their lone assignment of error, appellants argue that the trial court erred in granting appellees' motion for summary judgment.
 {¶ 11} Summary judgment is appropriate when the moving party establishes the following: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come but to one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence construed most strongly in his favor. Civ.R. 56(C).
 {¶ 12} If the moving party meets its initial burden under Civ.R. 56(C), then the nonmoving party has a reciprocal burden to respond, by affidavit or as otherwise provided in the rule, in an effort to demonstrate that there is a genuine issue of fact suitable for trial.Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. If the nonmoving party fails to do so, the trial court may enter summary judgment against that party. Civ.R. 56(E).
 {¶ 13} Appellate courts review a trial court's granting of summary judgment de novo. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 711. The Brown court stated that "* * * we review the judgment independently and without deference to the trial court's determination." Id. An appellate court must evaluate the record "in a light most favorable to the nonmoving party." Link v. Leadworks Corp.
(1992), 79 Ohio App.3d 735, 741. In addition, a motion for summary judgment must be overruled if reasonable minds could find for the party opposing the motion. Id.
 {¶ 14} Under their sole assignment of error, appellants contend that the accumulation of frozen beads of ice on the deck was unnatural and that the dangerous condition caused by the frozen ice beads was not open and obvious.
 {¶ 15} Neither the homeowner nor the owner or occupier of land owes a social guest or business invitee a duty to remove or warn invitees of the dangers associated with natural accumulations of snow and ice because these conditions are open and obvious dangers during Ohio winters.Brinkman v. Ross (1993), 68 Ohio St.3d 82, 85. The underlying rationale is that everyone is presumed to appreciate the risk associated with natural accumulations of ice and snow, and thus, everyone is responsible to protect themselves against the inherent risks presented by natural accumulations of ice and snow. Id. at 84.
 {¶ 16} A landowner owes business invitees a duty to exercise reasonable care to maintain the premises in a safe condition. Light v.Ohio Univ. (1986), 28 Ohio St.3d 66, 68. A property owner owes no duty to a business invitee to remove natural accumulations of ice and snow from sidewalks, steps, and parking lots. Sidle v. Humphrey (1968),13 Ohio St.2d 45, paragraph three of the syllabus. Liability may attach, however, if the owner or occupier negligently causes or permits an unnatural accumulation of ice or snow. Lopatkovich v. Tiffin (1986),28 Ohio St.3d 204, 207.
 {¶ 17} Ohio courts have also repeatedly held that an accumulation of ice is not unnatural simply because water collected in a depression in a sidewalk or driveway and subsequently froze due to cold weather. See, e.g., Juredine v. Heather Hill, Inc. (Mar. 26, 1993), 11th Dist. No. 92-G-1704, 1993 WL 130101; Goodwill Indust. v. Sutcliffe (Sept. 13, 2000), 9th Dist. No. 19972, 2000 WL 1288057; D'Ambrosi v. VicorpSpecialty Restaurant, Inc. (Feb. 23, 1989), 8th Dist. No. 54976, 1989 Ohio App. LEXIS 628. An unnatural accumulation of ice and snow is one that has been created by causes and factors other than meteorological forces of nature such as the inclement weather conditions of low temperature, strong winds and drifting snow. Porter v. Miller (1983),13 Ohio App.3d 93, 95.
 {¶ 18} In the instant matter, there is no indication that the beads of water that froze on the wooden porch were anything other than a natural accumulation of ice. Because appellees owed appellants no duty to remove the natural accumulation of ice, appellees, as a matter of law, cannot be found negligent for failing to remove it or failing to warn regarding it.
 {¶ 19} Further, appellants were required to submit evidence that appellees were actively negligent in permitting and/or creating a dangerous accumulation of ice or snow. However, appellants only produced the affidavit of Sturm, a senior chemist with Wolman Wood Products. In that affidavit, Sturm stated that frozen beads of water on a deck can act like ball bearings making it difficult, if not impossible to walk on a wood deck coated with water repellent. If there is beading of water on a surface, water is not being allowed to penetrate.
 {¶ 20} Sturm's affidavit fails to make any express conclusions between appellant Dorothy Belavich's accident and the duty of care owed by appellees. Thus, the affidavit does not provide a nexus between the fall and the condition of the porch.
 {¶ 21} We further note that a landowner may be held liable for injuries occasioned by a fall caused by a natural accumulation of ice if the landowner is shown to have actual or implied notice that the natural accumulation of ice or snow on the premises has caused a condition substantially more dangerous than their business invitees should have anticipated. Debie v. Cochran Pharmacy-Berwick, Inc. (1967),11 Ohio St.2d 38, paragraph one of the syllabus.
 {¶ 22} Here, the record does not show that appellees had actual or implied notice that conditions were more dangerous than their invitees should have expected. There is also nothing in the evidential materials offered by the parties to show that appellees were actually aware of or should have been aware of the frozen water beads on the porch. Further, there was no proof that frozen water beads were more hazardous than any other natural accumulation of ice, which is to be expected during the winter or early weeks of spring in Ohio. In fact, the dew droplets were not formed from a faulty gutter or any water left running from a hose by appellees. Instead, the droplets were the result of Ohio's chilly spring weather. Hence, appellants' claim fails because there was no evidence submitted indicating that the accumulation of ice was produced by an unnatural accumulation.
 {¶ 23} In addition, appellant has presented no evidence indicating that appellees had actual or implied notice of ice accumulations creating a condition substantially more dangerous than business invitees would anticipate. Indeed, appellant Dorothy Belavich did not have any difficulty walking into appellees' home. It is our position that the condition of the porch on the morning of April 9, 2003, was the result of a natural accumulation of ice. Consequently, based on the evidence contained in the record before this court, we conclude that the trial court did not err in granting summary judgment in favor of appellees since, construing the evidence most strongly in favor of appellants, reasonable minds could only conclude that there was no genuine issue of material fact concerning appellees' lack of negligence regarding the condition of the porch.
 {¶ 24} For the foregoing reasons, appellants' assignment of error is not welltaken. The judgment of the Geauga County Court of Common Pleas is affirmed.
Colleen M. O'Toole, J., concurs,
William M. O'Neill, J., dissents with Dissenting Opinion.