[Cite as *Glenn v. G & C Properties*, 2011-Ohio-5178.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96356**

## JACQUELINE R. GLENN

PLAINTIFF-APPELLANT

vs.

## G & C PROPERTIES, ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-715775

**BEFORE:** Blackmon, P.J., Stewart, J., and Boyle, J.

**RELEASED AND JOURNALIZED:** October 6, 2011

**ATTORNEY FOR APPELLANT**

Nicole C. Longino
11811 Shaker Boulevard
Suite 420
Cleveland, Ohio 44120

**ATTORNEYS FOR APPELLEES**

Ann E. Leo
Robert J. Koeth
Koeth, Rice, & Leo Co., L.P.A.
1280 West Third Street
Third Floor
Cleveland, Ohio 44113-1514

PATRICIA ANN BLACKMON, P.J.:

{¶ 1} Appellant Jacqueline Glenn appeals the trial court's decision granting summary judgment in favor of G & C Properties, et al. ("G & C") and assigns the following errors for our review:

> **"I. The trial court erred by granting defendant's motion for summary judgment and holding that reasonable minds could not conclude that the defendant had notice of any unnatural accumulation of ice caused by a washing machine leaking right to the rear exit door where plaintiff fell."**

> **"II. The trial court erred by granting defendant's motion for summary judgment and holding that there is no issue of material fact to be decided by a jury and that reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party with regards [sic] to the fact that the landlord-defendants, who clearly**

**reserved possession and control of the common approaches which provide ingress to and egress from the subject building to and from the public sidewalk and who assumed the duty of keeping such approaches clean and free from ice and snow, failed to exercise ordinary care to render such common approaches reasonably safe for use by the tenants."**

{¶ 2} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.

{¶ 3} On July 1, 2005, Glenn entered into a lease for an apartment located in Cleveland Heights, Ohio in one of the six-building complexes owned and operated by G & C. On January 20, 2008, as Glenn was exiting the rear entrance to her apartment building, she slipped on the exterior landing and fell down the steps that lead to the sidewalk. On January 19, 2010, Glenn filed a complaint against G & C alleging that she sustained injuries when she fell on icy exterior stairs that led to her apartment.

{¶ 4} Glenn specifically alleged that her fall was due to G & C's negligence based upon a leaky gutter located to the right of the rear door that caused an unnatural accumulation of ice. Glenn also alleged that the outdoor carpeting that covers the landing and steps was dangerously icy because of G & C's failure to put down salt on the landing and steps.

{¶ 5} On March 3, 2010, G & C filed its answer denying liability and specifically denied that there was a leaky gutter or that the landing and steps were not salted. On October 15, 2010, G & C filed a motion for summary judgment, which Glenn opposed. On December 30, 2010, the trial court granted G & C's motion for summary judgment, and Glenn now appeals.

## Summary Judgment

**{¶ 6}**   We will address both assigned errors together because of their common basis in fact and law.   Glenn argues the trial court erred in granting G & C's motion for summary judgment.

**{¶ 7}**   We review an appeal from summary judgment under a de novo standard of review. *Baiko v. Mays* (2000), 140 Ohio App.3d 1, 746 N.E.2d 618, citing *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 506 N.E.2d 212; *N.E. Ohio Apt. Assn. v. Cuyahoga Cty. Bd. of Commrs.* (1997), 121 Ohio App.3d 188, 699 N.E.2d 534. Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate.   Under Civ.R. 56, summary judgment is appropriate when: (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion that is adverse to the non-moving party.

**{¶ 8}**   The moving party carries an initial burden of setting forth specific facts that demonstrate his or her entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107, 662 N.E.2d 264.    If the movant fails to meet this burden, summary judgment is not appropriate; if the movant does meet this burden, summary judgment will be appropriate only if the nonmovant fails to establish the existence of a genuine issue of material fact. Id. at 293.

**{¶ 9}** In order to defeat a motion for summary judgment on a negligence claim, a plaintiff must establish that a genuine issue of material fact remains as to whether (1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty; and (3) the breach of duty proximately caused the plaintiff's injury. *Frankmann v. Skyline Mgt., L.L.C.,* Cuyahoga App. No. 88807, 2007-Ohio-3922, citing *Texler v. D.O. Summers Cleaners & Shirt Laundry Co.*, 81 Ohio St.3d 677, 680, 1998-Ohio-602, 693 N.E.2d 271. Whether a duty exists is a question of law for the court to determine. Id., citing *Mussivand v. David* (1989), 45 Ohio St.3d 314, 318, 544 N.E.2d 265.

**{¶ 10}** According to Glenn's deposition testimony, on January 20, 2008, she returned home around 8:00 a.m. from her first job and decided to take a nap before going to her second job. Glenn remembers that it was snowing and that while at work, there were reports that the weather would be bad that day. Glenn rested for a few hours, got up around 11:00 a.m., looked through the window and saw one of the maintenance personnel going by with a broom in his hand. As Glenn was leaving for work, she slipped on the landing at the rear entrance of her apartment building and fell down the stairs. Glenn testified that while on the ground, she noticed exposed ice on the landing.

**{¶ 11}** As previously stated, Glenn alleged that she fell because G & C's employee swept the snow off the landing, but failed to put down salt, and that a leaky gutter caused an unnatural accumulation of ice. In addition, Glenn alleged that a broken washing machine in one of the units contributed to the unnatural accumulation of ice.

{¶ 12} In granting summary judgment in favor of G & C, the trial court stated in pertinent part as follows:

> **"* * * Plaintiff failed however to offer any evidence to show that sweeping away snow with a broom, as opposed to any other method was a breach of ordinary care. There was no expert testimony nor any evidence that Plaintiff had observed Defendants sweep the stairs. Plaintiff did testify that she observed one of the Defendants carrying a broom earlier that day. Plaintiff likewise failed to present any evidence in the form of expert testimony, photographs, affidavits, or admissions, confirming the existence of the defective gutters which would cause or contribute to an unnatural accumulation of ice. While Plaintiff did reference a defective washing machine in her Brief, she failed to demonstrate how the washing machine could possibly be attributed to an accumulation of ice outside of the building."** Journal Entry December 30, 2010.

{¶ 13} Construing the evidence in the light most favorable to Glenn, we find that the trial court correctly granted G & C's motion for summary judgment. Although we find that Glenn adequately testified that she slipped on an icy patch on the landing, Glenn's claim still fails because she submitted no evidence indicating that the accumulation of ice was produced by an unnatural accumulation.

{¶ 14} An "unnatural" accumulation of snow and ice is one that has been created by causes and factors other than meteorological forces of nature, such as the inclement weather conditions of low temperature, strong winds, and drifting snow. *Durham v. Moore*, Cuyahoga App. No. 89201, 2007-Ohio-6980, citing *Porter v. Miller* (1983), 13 Ohio App.3d 93, 468 N.E.2d 134. By definition, "unnatural" is man-made. Id.

{¶ 15} Since the build-up of snow and ice during winter is regarded as a natural phenomenon, the law requires, at the very least, some evidence of an intervening act by

the landlord (or a property owner) that perpetuates or aggravates the pre-existing, hazardous presence of ice and snow. Id. See, also, *Snider v. McTigue*, Cuyahoga App. No. 89092, 2007-Ohio-5065, ¶10.

{¶ 16} In the instant case, although Glenn alleged that a defective gutter as well as a defective washing machine in one of the units contributed to the unnatural accumulation of ice on the landing, she offered no testimony at her deposition regarding the same. In addition, although Glenn alleged that she observed a maintenance worker walking with a broom earlier in the day, she admitted that she never actually saw him sweep the landing.

{¶ 17} Here, even if G & C's maintenance worker had swept away the snow with a broom, as Glenn suggested, that would not have created an unnatural accumulation of ice. See *Evans v. Dianna's Deli Restaurant & Grill*, Cuyahoga App. No. 81746, 2003-Ohio-1173, citing *Morgan v. Eastown Eagle Supermarket* (Nov. 14, 1991), Cuyahoga App. No. 59359. (Removing the top portion of a natural accumulation of snow and ice does not change its nature from natural to unnatural).

{¶ 18} Because Glenn failed to present evidence that the ice was created by an unnatural accumulation of snow or ice, she failed to present a genuine issue of material fact regarding the duty of care. *Flint v. Cleveland Clinic Foundation*, Cuyahoga App. Nos. 80177 and 80478, 2002-Ohio-2747. Consequently, summary judgment in favor of G & C was, therefore, appropriate. Accordingly, we overrule both assigned errors.

Judgment affirmed.

It is ordered that appellees recover from appellant their costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, PRESIDING JUDGE

MELODY J. STEWART, J., and
MARY J. BOYLE, J., CONCUR