[Cite as *Restifo v. Snider Co.*, 2013-Ohio-3362.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 99514

---

## DEBRA RESTIFO

PLAINTIFF-APPELLEE

vs.

## THE SNIDER COMPANY

DEFENDANT-APPELLANT

---

## JUDGMENT:
### AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-777214

**BEFORE:** E.A. Gallagher, J., Stewart, A.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** August 1, 2013

**ATTORNEY FOR APPELLANT**

Michael J. Feldman
Lallo & Feldman Co., L.P.A.
4230 State Route 306
Suite 240
Willoughby, OH    44094

**ATTORNEY FOR APPELLEE**

Keith D. Thomas
55 Public Square
Suite 930
Cleveland, OH    44113

EILEEN A. GALLAGHER, J.:

{¶1}    In this accelerated appeal, Debra Restifo ("Restifo"), appeals from the decision of the trial court granting summary judgment in favor of The Snider Company. Restifo argues that genuine issues of material fact remain to be litigated as to whether the ice on which she slipped was an unnatural accumulation.   Finding no merit to the instant appeal, we affirm the decision of the trial court.

{¶2}   On March 4, 2010, Restifo slipped and fell on her way to eat at the Courtyard Cafe.   Restifo testified that as she and her sister walked towards the restaurant, which was located in an L-shaped complex, she veered away from the restaurant's entrance to throw away a bottle of water.   Restifo explained that a garbage can was located on the inside corner of the L-shaped structure and that as she walked towards the garbage can, she slipped on a patch of ice and fell.   Restifo testified that water was leaking from the roof onto the sidewalk in that area.   Restifo claimed injuries to her head, neck and back as a result of the fall.

{¶3}   Restifo filed suit alleging that The Snider Company, the owner of the property, negligently permitted an unnatural accumulation of ice and snow on its premises.   The Snider Company filed a motion for summary judgment arguing that the danger from the ice was open and obvious and that it owed Restifo no duty of care to warn against such dangers.   In response, Restifo opposed the motion and claimed that

The Snider Company negligently maintained the gutters and that the area above the patch of ice on which she fell was without gutters. She attached three color photographs to her brief in support of her claim. The photographs, however, were not identified or authenticated as required by Evid.R. 901(A), and the trial court ruled them inadmissible. Finding no other evidence in support of her theory that the ice was an unnatural accumulation, the trial court granted The Snider Company's motion.

{¶4} Restifo appeals, raising the following assignment of error:

The trial court committed prejudicial error in granting defendant-appellee's motion for summary judgment because there are facts that remain to be litigated.

{¶5} Although Restifo's argument is couched in terms of a grant of summary judgment, the crux of her appeal lies with the trial court's decision to strike the photographs attached to her brief in opposition to The Snider Company's motion for summary judgment. Specifically, Restifo argues that the trial court's failure to consider the photographs taken of the structure was plain error and should be reversed. Additionally, Restifo argues that the photographs create a genuine issue of material fact as to whether the ice unnaturally occurred and therefore, the court erred in granting The Snider Company's motion. We disagree.

{¶6} Evid.R. 901(A) states:

The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding of the matter in question is what its proponent claims.

{¶7} Restifo did not submit sworn testimony by any witness whether by

deposition or affidavit to establish that these photographs accurately depicted or represented the roof and the ground as claimed by the appellant. In fact, the trial court, and this court by extension, was without any information as to when the photographs were taken and by whom. Thus, under the authority of *Heldman v. Uniroyal, Inc.*, 53 Ohio App.2d 21, 371 N.E.2d 557 (8th Dist.1977), the trial court correctly ruled the photographs inadmissible.

{¶8} There is no dispute between the parties that Restifo was a business invitee of The Snider Company. Therefore, The Snider Company owed Restifo a duty to exercise reasonable care in making the premises safe for her use. *Hoenigman v. McDonald's Corp.,* 8th Dist. Cuyahoga No. 56010, 1990 Ohio App. LEXIS 131 (Jan. 11, 1990). However, The Snider Company's duty did not extend to protection against hazards from natural accumulations of ice and snow. As a general rule in Ohio, a property owner owes no duty, even to an invitee, to remove natural accumulations of ice and snow. *Porter v. Miller*, 13 Ohio App.3d 93, 468 N.E.2d 134 (6th Dist.1983); *Hoenigman*. "Such conditions are so obvious that occupiers of premises may reasonably expect that a business invitee will discover them and protect against them." *Id.*

{¶9} Restifo presented no evidence that the patch of ice upon which she fell was anything other than naturally occurring. Thus, the trial court did not err in granting The Snider Company's motion for summary judgment.

{¶10} Restifo's sole assignment of error is overruled.

**{¶11}** The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the lower court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

_____
EILEEN A. GALLAGHER, JUDGE

MELODY J. STEWART, A.J., and
KENNETH A. ROCCO, J., CONCUR