Perazzo, Appellee, *v.* Dayton Hasty-Tasty, Inc., Appellant.
(Two cases.)

(Nos. 2703 and 2704—Decided December 11, 1962.)

*Mr. James C. Baggott,* for appellee.

*Messrs. Bieser, Greer & Landis* and *Mr. Charles S. Bridge,* for appellant.

KERNS, J. These appeals are from judgments of the Court of Common Pleas of Montgomery County entered upon jury verdicts for the plaintiffs. The plaintiff Edith Perazzo was awarded $5,000 for personal injuries sustained in a fall on the defendant's premises, and her husband, plaintiff John G. Perazzo, was awarded $1,000 for the loss incurred by him as the result of his wife's injuries. The two cases were tried together and are consolidated on appeal.

In her second amended petition, the plaintiff Edith Perazzo says "that on March 14, 1960, she was a patron of the defendant corporation at 5020 Brandt Pike, Montgomery County, Ohio, where defendant corporation operates a restaurant; that in returning from the restaurant to her automobile parked in front of said restaurant and while on the premises operated and maintained by the defendant corporation, she slipped and fell on ice which was obscured to her vision by slush and water which accumulated on the defendant's sidewalk as a result of the thawing of snow piled by the defendant on its property adjacent to said sidewalk * * *."

In the present appeal, six errors have been assigned, the first of which reads that "the trial court erred in not granting to defendant-appellant the ten (10) days provided by statute between the filing of a motion for summary judgment and the hearing on said motion." This assignment of error is predicated upon Section 2311.041, Revised Code, which provides in part as follows:

"(B) The hearing on a motion for a summary judgment shall not be less than ten days after the date of the filing thereof. Notice of the filing and the date of the hearing of such motion shall be given by certified or registered mail, or personally, to the opposing party or his counsel of record at least five days prior to the hearing, unless waived. The adverse party prior to the day of hearing may file opposing affidavits. * * *"

The record discloses that these cases were given a trial date in May 1961. The assigned trial date was November 13,

1961. On November 9, 1961, the defendant filed a motion in each cause for summary judgment, and the motions were assigned for hearing on November 25, 1961.

Thereafter, on November 10, 1961, the plaintiffs filed a motion requesting that the motions for summary judgments be considered as motions for judgments on the pleadings or as demurrers to the pleadings. The plaintiffs also waived the provision that a motion for summary judgment shall not be heard less than ten days after the filing thereof.

Subsequently, before proceeding to trial on November 13, 1961, but only four days after the motions for summary judgments were filed, the trial court overruled the plaintiffs' motions and overruled the defendant's motions for summary judgments.

Although Section 2311.041, Revised Code, clearly requires that the hearing on a motion for a summary judgment shall not be less than ten days after the filing thereof, the defendant has failed to disclose, and we fail to perceive, how the rights of the defendant were prejudiced by the procedure adopted in the instant case. The ten-day provision was designed primarily for the protection of the adverse party rather than the movant. But here, the adverse party waived the requirement. And the movant apparently had nothing further to present in support of the motions. Under such circumstances, no reason existed for further delay. Furthermore, the evidence subsequently presented at the trial raised genuine issues of fact which clearly vindicated the trial court's order overruling the motions for summary judgment, and this court must disregard any error which was not prejudicial to the rights of the defendant. See Section 2309.59, Revised Code. Accordingly, the first assignment of error is overruled.

For its second assignment of error, the defendant challenges the following special instruction:

"Members of the jury, the court also charges you that in walking on the defendant's sidewalk, Mrs. Perazzo was only required to use ordinary care and ordinary care does not require a person to anticipate another's negligence."

Specifically, the defendant contends that the charge is fatally defective in that "it fails to put upon plaintiff the burden of

using ordinary care *under the circumstances*" and "fails to state accurately and completely the law as to the duty to anticipate another's negligence."

The defendant makes no claim that the charge is erroneous, but only that it is incomplete. However, a special charge is not intended to cover every principle or all the law of the case. *Hunter* v. *Brumby*, 131 Ohio St., 443; *Makranczy* v. *Gelfand, Admr.*, 109 Ohio St., 325; *Swing, Trustee,* v. *Rose*, 75 Ohio St., 355; *Senn, Admx.,* v. *Lockner*, 91 Ohio App., 83. In the case of *Deckant* v. *City of Cleveland*, 155 Ohio St., 498, the court said:

"1. If a special instruction given by the court under Section 11420-1, General Code, correctly states the law pertinent to one or more of the issues of the case, the giving of it does not constitute error even though it is not a full and comprehensive statement of the law."

To the same effect, see *Makranczy* v. *Gelfand, Admr.*, 109 Ohio St., 325, where the fourth paragraph of the syllabus provides:

"4. Where a record discloses instructions before argument, given at plaintiff's request, which are a correct statement of the law from plaintiff's standpoint, but do not cover every branch and feature of the case, including the effect of affirmative defenses, but such affirmative defenses are fully covered in the general charge, the giving of such special instructions before argument is not prejudicially erroneous."

Furthermore, it is the duty of the court to consider each special instruction in connection with other special instructions given upon the same subject. *Wymer-Harris Construction Co.* v. *Glass, Admx.*, 122 Ohio St., 398; *Deckant* v. *City of Cleveland*, 155 Ohio St., 498. With this in mind, we have examined special instruction No. 3, as submitted by the defendant and allowed by the court, which reads as follows:

"If you find, members of the jury, that Mrs. Perazzo failed to use ordinary care for her own safety in walking into a puddle of water which she had previously observed, and if you find that her conduct proximately contributed in any degree to causing her fall, then you must return a verdict for the defendant, regardless of what the defendant did or failed to do."

This instruction appears to embody any deficiencies which the defendant claims are fatal to special instruction No. 2. It

also appears from the general charge that the jury was instructed clearly and comprehensively upon that phase of the case to which special instruction No. 2 is directed. The second assignment of error is therefore without merit.

The third assignment of error is that "the trial court erred in not granting a new trial because of the misconduct of plaintiff's counsel during argument." However, the record does not disclose the arguments of counsel, and there is nothing before this court to exemplify the claimed error.

This being so, a reviewing court is not justified in reversing the judgment. On the contrary, a presumption of validity attaches thereto. It is well established that error, for which a judgment may be reversed, must affirmatively appear on the face of the record. The third assignment of error will be overruled. See *Warder, Bushnell & Glessner Co.* v. *Jacobs*, 58 Ohio St., 77.

The fourth assignment of error, as stated by the defendants, is "that the trial court erred in not granting a new trial because of the vagueness of the jury's answers to special finding No. 1."

The question asked the jury in special finding No. 1 was:

"What was the source of the ice on which the plaintiff slipped?"

The jury's answer was:

"Caused in some other manner than natural accumulation."

Although this answer has some doubtful characteristics standing alone, it is readily understandable when considered in conjunction with the court's instructions upon this phase of the case. One of the principal issues in the case was whether the hazardous condition existed upon the defendant's premises by reason of snow or ice having been piled in a position where melting thereof would permit water to freeze upon the sidewalk and water to accumulate over the ice on the sidewalk so as to obscure the ice from the vision of a user of the sidewalk.

Upon this issue, special instruction No. 1 was submitted and presented to the jury as follows:

"If you find, members of the jury, that Mrs. Perazzo fell on a spot of ice, and if you also find that that ice was a result of a natural accumulation, then your verdict must be for the defendant, regardless of your findings, as to other facts and issues in the case."

Thereafter, the following proceedings took place:

"Mr. Baggott: And I believe that since there are two special charges on natural accumulation that the court should explain what is meant by natural accumulation of ice as distinguished from the manner in which it is alleged to have accumulated in this case. I request the court to so charge.

"* * *

"The Court: It has been suggested to the court that I should instruct you as to what constitutes natural accumulation of ice and snow. I instruct you that it means what it says—by natural accumulation is meant that what accumulates as a result of an act of nature. Any other accumulation which results from an act of man is not natural accumulation."

The jury's answer appears highly responsive to this instruction of the trial court. Furthermore, the finding is consistent with the verdict, and is supported by sufficient evidence.

But the defendant cites the case of *Aetna Casualty & Surety Co.* v. *Niemiec, Admx.*, 172 Ohio St., 53, in support of this assignment of error. In that case, the jury answered five interrogatories with the words "don't know," and the court held that said answers did not satisfy the mandatory requirements of Section 2315.16, Revised Code. In our opinion, that case is easily distinguishable from the present case upon its facts. More applicable here is the rule set forth in *Elio* v. *The Akron Transportation Co.*, 147 Ohio St., 363, which provides:

"2. A trial court has no authority to require a jury to revise or reframe its answer to an interrogatory when the intention of the jury may be obtained from the answer given. Such answers are to be construed liberally."

See, also, *Rismiller, Admrx.*, v. *Dayton Power & Light Co.*, 70 Ohio Law Abs., 603. The fourth assignment of error will be overruled.

For its fifth assignment of error, the defendant contends that the trial court should have granted its motion for a directed verdict. With particular reference to this assignment of error, we have re-examined the plaintiffs' evidence, and construing that evidence most strongly in their favor, as the law requires, we cannot agree that the trial court erred in overruling the defendant's motion for a directed verdict.

The sixth assignment of error, which is to the effect that

the verdict of the jury was against the manifest weight of the evidence, will likewise be overruled. Although the plaintiffs' evidence upon material issues was by no means overwhelming, we cannot say that it was insufficient to support the verdict.

As this court finds no prejudicial error in the record, the judgments will be, and hereby are, affirmed.

*Judgments affirmed.*

CRAWFORD, P. J., and SHERER, J., concur.