OPINION
This is an appeal from a summary judgment for a defendant on a slip-and-fall claim. For the reasons stated, we affirm.
Plaintiff, Rick Corson, is an employee of the Wagner Smith Co. The Wagner Smith Co. is a subcontractor of Defendant, General Motors Corp. ("GM"), and performs work at GM's Moraine, Ohio plant.
Corson arrived for work at GM's Moraine plant at 7:00 a.m. on Sunday, January 19, 1999. When he parked his truck in GM's lot, he observed that the parking lot was completely covered by an even layer of glistening ice. He saw no indications that GM had plowed, salted or sanded the lot. With his tool box in hand, Corson exited his truck and began walking toward the plant entrance. After taking several steps, he slipped and fell on the ice and was injured.
Corson commenced this action against GM, alleging that it was negligent for failing to clear the ice in its parking lot. GM filed a motion for summary judgment, which the trial court granted.
Corson appeals and argues one assignment error.
ASSIGNMENT OF ERROR
 "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGEMENT AS REASONABLE MINDS COULD DIFFER AS TO THE ELEMENTS OF PLAINTIFF-APPELLANT'S CLAIM. IN PARTICULAR, WHETHER THE DEFENDANT'S PROPERTY HAD NATURAL OR UNNATURAL ACCUMULATION OF ICE AND SNOW ON THE DATE OF THE ACCIDENT IS CLEARLY A FACT QUESTION FOR THE JURY."
Summary judgment may not be granted unless the entire record demonstrates that there is no genuine issue of material fact and that the moving party is, on that record, entitled to judgment as a matter of law. Civ.R. 56. The burden of showing that no genuine issue of material fact exists is on the moving party. Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64. All evidence submitted in connection with a motion for summary judgment must be construed most strongly in favor of the party against whom the motion is made. Morris v. First National Bank Trust Co. (1970), 21 Ohio St.2d 25. Our review of the trial court's judgment is de novo. Grafton v. Ohio Edison Co., 77 Ohio St.3d 102,1996-Ohio-336. Therefore, in reviewing a trial court's grant of summary judgement, an appellate court must likewise view the facts in a light most favorable to the party that opposed the motion. Osborne v. Lyles
(1992), 63 Ohio St.3d 326.
It is undisputed that Corson was an invitee on GM's property at the time of the accident. The owner or occupier of a business premises owes an invitee whose presence serves the owner's business purposes a duty of ordinary care, and must maintain the business premises in a reasonably safe condition so that invitees are not unnecessarily and unreasonably exposed to danger. Campbell v. Hughes Provision Co. (1950), 153 Ohio St. 9. That duty requires the owner or occupier to either remove the hazard or, failing that, to warn the invitee of it to allow the invitee to protect himself from the danger to his safety the hazard presents. Newton v.Pennsylvania Iron Coal Co. (1983), 85 Ohio App.3d 353.
These duties the law imposes on the owner are subject to a further condition. When the invitee knows of the hazard or in the exercise of ordinary care should know of it, the invitee has a duty to protect himself from it. Id. Thus, a hazard that is open and obvious imposes no duty on the owner or operator of the premises to remove the hazard or warn the invitee of it. On that basis, it has been held that an owner or occupier has no duty to his business invitee to remove natural accumulations of snow and ice from his premises. Sidle v. Humphrey
(1968), 13 Ohio St.2d 45, paragraph three of the syllabus. "This is because accumulations of ice and snow are so obvious that landowners may reasonably expect an invitee to discover them and take measures to protect himself against them." Id. at paragraph two of the syllabus.
"[S]ince the build-up of snow and ice during winter is regarded as a natural phenomenon, the law requires, at the very least, some evidence of an intervening act by the [property owner] that perpetuates or aggravates the pre-existing, hazardous presence of ice and snow." Porter v. Miller
(1983), 13 Ohio App.3d 93, 95. Therefore, "the threshold question in slip-and-fall cases involving ice or snow is whether the accumulation of ice is `natural.' If it is natural, no duty exists to remove the accumulation or to render it less dangerous." Community Ins. Co. v.McDonald's Restaurants of Ohio, Inc. (December 11, 1998) Montgomery App. No. 2001 CA 17051. "Snow which melts and later refreezes into ice is considered a natural accumulation of ice caused by forces of nature."Bionci v. Boardman Local Schools (June 18, 2001) Mahoning App. No. 00 CA 6, 2001-Ohio-3197, at ¶ 19.
Conversely, a duty may arise to remedy an accumulation of ice or snow "if the accumulation was `unnatural' or `improper,' meaning that other circumstances exist that create a hazard `substantially more dangerous to a business invitee than that normally associated with snow.'" CommunityIns., supra (quoting Mikula v. Tailors (1970), 24 Ohio St.2d 48, paragraphs five and six of the syllabus). When the owner knows or should know that ice and snow have created a condition that is substantially more dangerous to an invitee than he could reasonably anticipate, the owner's failure to remove the ice and snow will constitute negligence.Mikula, supra; Stinson v. Cleveland Clinic Found. (1987),37 Ohio App.3d 146.
A natural accumulation of ice or snow is one that accumulates as a result of an act of nature. Perazzo v. Dayton Hasty-Tasty, Inc. (1962),119 Ohio App. 453, 458. The term "unnatural accumulation" refers to causes and factors other than such inclement weather conditions as low temperature, strong winds and drifting snow. Porter, supra. Unnatural accumulations are man-made or man-caused. Id.
Viewing the facts in a light most favorable to Corson, we find no evidence supporting his allegation that the ice on which he fell was created by or aggravated by GM, or that it was anything other than a natural accumulation. Corson testified that he did not see any salt or sand on the ground or any mounds of snow that would indicate that the lot had been recently plowed. (Corson Depo. at 25, 31). Indeed, he testified that the ice looked as though it resulted from a natural accumulation of light rain or snow. (Corson Depo. at 27.)
Corson argues that the accumulation of ice and snow in the parking lot was not naturally occurring because he does not recall the roads he took from his house to the parking lot as being icy or hazardous, as compared to the parking lot. He deduces from this that because the roads were clear of ice and snow, any ice in the parking lot must therefore be unnatural. On that basis, he argues that GM is necessarily liable because it failed to clear the snow and ice in its parking lot, or that a jury should determine whether that liability exists.
Even if the roads were clear, Corson is incorrect in his contention that because the roads were clear any snow and ice that had accumulated in the parking lot must be unnatural. The roads may have been in a different or better condition than the parking lot for any number of reasons. The roads may have been plowed or salted, and most likely were more heavily traveled than the parking lot. Simply because surrounding roads may have been clear in no way proves that the accumulation of snow and ice in the parking lot was unnatural. It shows only that whatever natural accumulation of snow and ice that may have been on the roads before Corson traveled them had been cleared or dissipated by traffic passing over them.
There is no evidence that GM created or in any way aggravated the icy conditions that caused Corson to slip. Additionally, there is no evidence that GM knew or should have known that ice and snow on their parking lot created a condition substantially more dangerous to an invitee than he could reasonably anticipate. Corson testified that when he drove into the parking lot he noticed a glare coming from the thin layer of ice that covered the parking lot. His observation of the ice before even getting out of his truck shows that the accumulation of ice and snow was open and obvious, as was the hazard it presented from which Corson's injuries proximately resulted.
We find that GM breached no duty it owed Corson to remedy or clear the accumulation of snow or ice from its premises because the hazard it presented, and from which Corson's injuries proximately resulted, was open and obvious. GM's failure to remove the ice and snow does then not constitute negligence. Accordingly, Corson's assignment of error is overruled and the trial court's decision will be affirmed.
BROGAN, J. and YOUNG, J., concur.