CHATELAIN, Appellant,

v.

PORTAGE VIEW CONDOMINIUMS, Appellee, et al.

[Cite as *Chatelain v. Portage View Condominiums,*
151 Ohio App.3d 98, 2002-Ohio-6764.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 20995.

Decided Dec. 11, 2002.

Joy D. Malek and John F. Hill, for appellant.

John C. Cubar, for appellee.

Kenneth A. Calderone, for appellee.

WHITMORE, Judge.

{¶ 1} Plaintiff-appellant Patricia Chatelain has appealed from a judgment of the Summit County Court of Common Pleas, which, following a jury trial, found in favor of defendant-appellee Portage View Condominiums. We reverse.

I

{¶ 2} On June 19, 2000, appellant filed a complaint against appellee, alleging that because of appellee's negligence in removing the snow and ice from the common area in appellee's condominium complex, appellant fell and suffered a broken leg and arm. The case was referred to mediation, but the alternative dispute resolution proved unsuccessful, and the case proceeded to a jury trial. Prior to the trial, appellee filed a third-party complaint against Accents Landscaping ("Accents"), a company responsible for snow removal in the parking lot of appellee's condominiums. Appellee claimed indemnity and statutory contribution against Accents in the event that it was determined that appellant's injuries were a result of appellee's negligence.[1]

{¶ 3} After trial, the jury returned a verdict in favor of appellee. Appellant filed a timely motion for a new trial pursuant to Civ.R. 59(A). The trial court denied appellant's motion. Appellant has filed a timely appeal, asserting three assignments of error.

---

1. Accents filed a motion to join Aetna Insurance Company pursuant to Civ.R. 17(A) and 19(A). The trial court granted the motion but later vacated the motion because Aetna had no subrogation interest in the matter.

## II

### Assignment of Error Number One

{¶ 4} "The trial court committed prejudicial error when, despite [appellee's] express contract to clear snow and ice from parking lots, it instructed the jury that Ohio law imposes no duty to clear natural accumulations of snow or ice from parking lots."

{¶ 5} In appellant's first assignment of error, she has contended that the trial court erred when it instructed the jury that Ohio law imposes no duty to clear natural accumulations of snow or ice from parking lots, despite evidence that appellee expressly assumed such a duty. We agree.

{¶ 6} A trial court must charge the jury with instructions that are a correct and complete statement of the law. See *Marshall v. Gibson* (1985), 19 Ohio St.3d 10, 12, 19 OBR 8, 482 N.E.2d 583. However, jury instructions are within the trial court's discretion, and we will not disturb the decision absent an abuse of discretion. *State v. Guster* (1981), 66 Ohio St.2d 266, 271, 20 O.O.3d 249, 421 N.E.2d 157. An abuse of discretion connotes more than a mere error in judgment; it signifies an attitude on part of the trial court that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140. In reviewing jury instructions on appeal, we must consider the specific charge at issue in the context of the entire charge, not in isolation. *State v. Thompson* (1987), 33 Ohio St.3d 1, 13, 514 N.E.2d 407; see, also, *Sech v. Rogers* (1983), 6 Ohio St.3d 462, 464, 6 OBR 515, 453 N.E.2d 705 ("A jury instruction must be considered in its entirety."). An inadequate jury instruction that, in effect, misleads the jury constitutes reversible error. *Sharp v. Norfolk & W. Ry. Co.* (1995), 72 Ohio St.3d 307, 312, 649 N.E.2d 1219, citing *Marshall,* 19 Ohio St.3d at 12, 19 OBR 8, 482 N.E.2d 583.

{¶ 7} In the instant case, appellant has argued that the trial court should not have instructed the jury that appellee did not have a duty to remove snow or ice from the common areas. Appellee has further contended that the distinction between "natural" and "unnatural" accumulations of snow or ice was not required.

{¶ 8} Generally, a landowner has no duty to remove natural accumulations of snow or ice and therefore is not liable for injuries caused as a result of the snow or ice. See *LaCourse v. Fleitz* (1986), 28 Ohio St.3d 209, 210, 28 OBR 294, 503 N.E.2d 159; *Sidle v. Humphrey* (1968), 13 Ohio St.2d 45, 42 O.O.2d 96, 233 N.E.2d 589, paragraph three of the syllabus. However, there are two exceptions to this general rule. The duty to remove natural accumulations of snow or ice can arise when (1) the landowner has superior knowledge of the dangerous circumstances created by the snow or ice, see *Goodwill Industries of*

*Akron v. Sutcliffe* (Sept. 13, 2000), 9th Dist. No. 19972, at 7, 2000 WL 1288057; *Zwick v. Cashelmara Condominium Assn.* (July 22, 1999), 8th Dist. No. 74477, 1999 WL 528508; or (2) the duty is created by express contract, see *LaCourse,* supra, at 211, 28 OBR 294, 503 N.E.2d 159; *Wade v. Lorain Metro. Hous. Auth.* (Sept. 11, 1991), 9th Dist. No. 90CA004954, at 5, 1991 WL 184479; *Hammond v. Moon* (1982), 8 Ohio App.3d 66, 68, 8 OBR 97, 455 N.E.2d 1301; *Mitchell v. Parkridge Apts., Ltd.,* 8th Dist. No. 81046, 2002-Ohio-5357, at ¶ 20, 2002 WL 31195442; *Williams–Woge v. Greenbriar Commons Condominium Owners Assn.* (Sept. 1, 1994), 8th Dist. No. 65771, 1994 WL 476373, at * 3. .

{¶ 9} In addition, a duty to remove snow or ice may arise if the accumulation is the result of an unnatural force (i.e., man-made); the landlord can be held liable for failure to employ ordinary care in removal of the snow or ice. See *Owens v. French Village Co.* (Aug. 18, 1999), 9th Dist. No. 98CA0038, at 4, 1999 WL 635722; *Gyulay v. Rolling Acres Mgt., Inc.* (June 2, 1982), 9th Dist. No. 10356, at 3, 1982 WL 5032; *Sutcliffe,* supra, at 4–5.

{¶ 10} In the case sub judice, appellee expressly assumed the responsibilities of snow removal in the common areas of its condominium complex. This conclusion is based on the bylaws maintained by appellee, which state:

{¶ 11} "Section 1. *Common Expenses.* The Association, for the benefit of all the Family Unit Owners, shall pay all Common Expenses arising with respect to, or in connection with, the Condominium Property, which Common Expenses shall include, without limitation, the following:

{¶ 12} "* * *

{¶ 13} "F. Care of *Common Areas and Facilities.* The cost of landscaping, gardening, snow removal, painting, cleaning, * * * and replacing of the Common Areas and Facilities physically adjoining the Family Units[.]" (Emphasis sic.) Article IV, Section 1 of appellee's bylaws.

{¶ 14} Also contained in appellee's "Rules & Regulations" was a provision that stated that appellee's responsibilities included "[s]now removal from roadways, parking areas and sidewalks." In an attempt to comply with its duty to remove precipitation from the common areas of the condominium complex, appellee hired Accents to remove snow from the common areas when more than two inches of snow accumulated on the ground; when this occurred, Accents would plow the snow and salt the common areas, as needed.

{¶ 15} When the trial court is presented with evidence to support an issue, it must give the appropriate jury instructions. See *Riley v. Cincinnati* (1976), 46 Ohio St.2d 287, 297, 75 O.O.2d 331, 348 N.E.2d 135 (stating that the trial court will not instruct the jury where there is no evidence to support an issue). It is clear from the evidence adduced at trial that both appellant and appellee agree

that appellee assumed the duty of removing snow from the common areas. Yet, despite the evidence that appellee assumed the duty of snow removal, the trial court instructed the jury as follows:

{¶ 16} "Ice and snow are a natural part of wintertime in Ohio, as are freezing and refreezing of ice and snow. Living in Ohio during the wintertime has its inherent dangers. *Recognizing this, Ohio law does not impose any duty or obligation upon a property owner to shovel, salt, or in any way clear natural accumulations of ice or snow* from parking lots, sidewalks or other common areas on the property."[2] (Emphasis added.)

{¶ 17} Although the trial court's jury instructions provided the jury with a correct statement of the law in Ohio, such an instruction was inappropriate in the present case. As previously stated, appellee had a duty to remove snow and by instructing the jury that no such duty existed, the trial court, in effect, obliterated an essential element in a negligence claim.

{¶ 18} Furthermore, the trial court's later instruction that "[t]he owner of residential property who reserves possession or control over the common areas of the property and who agrees to maintain such common areas is required to exercise ordinary care to render such areas reasonably safe" did not effectively cure the problem created when the trial court initially stated that appellee had no duty, when in fact appellee did have a duty. These instructions did not explain to the jury that appellee had a duty to remove snow but simply stated the standard of care that should be employed by appellee. Because the trial court improperly instructed the jury that no such duty existed, we find such instructions to be reversible error. Therefore, appellant's first assignment of error is sustained.

## Assignment of Error Number Two

{¶ 19} "The trial court committed prejudicial error when it instructed the jury that black ice is considered an open and obvious condition to pedestrians in parking lots."

## Assignment of Error Number Three

{¶ 20} "The trial court abused its discretion when it failed to grant [appellant's] [Civ.R. 9(A) ] motion for new trial."

{¶ 21} Based on the disposition of appellant's first assignment of error, we decline to address appellant's remaining assignments of error. See App.R. 12(A)(1)(c).

---

2. Appellant objected to these instructions, stating: "[W]e think that the instruction on natural accumulation of ice and snow * * * misstates the law and the duty owed. And, in any respect, any reference to natural or non-natural accumulations is in error."

## III

{¶ 22} Appellant's first assignment of error is sustained; we decline to address the remaining assignments of error. The judgment of the trial court is reversed, and the cause is remanded for proceedings consistent with this decision.

Judgment reversed
and cause remanded.

CARR, J., concurs.

SLABY, P.J., dissents.

SLABY, Presiding Judge, dissenting.

{¶ 23} Although the jury instructions could have been more specific and complete, I do not believe they were a misstatement of the law or misleading.