This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellants, Deborah and Jerry Smith, appeal from the decision of the Lorain County Court of Common Pleas, which granted the motion for summary judgment of the appellee, EMH Regional Healthcare System, Inc. We affirm.
 I.
{¶ 2} On March 8, 1999, Deborah Smith went to EMH Regional Healthcare System, Inc. ("EMH"), in Elyria, Ohio. While she was walking toward the hospital from the parking lot, she slipped and fell on an ice and snow-covered sidewalk. Deborah injured her right knee and left shoulder and wrist.
{¶ 3} On July 31, 2000, Appellants filed a complaint against EMH, alleging causes of action for negligence. Deborah sought damages for her own injuries, whereas her husband, Jerry, sought damages for loss of consortium. EMH filed a motion for summary judgment, which the trial court granted. This appeal followed.
 II. Assignment of Error "THE TRIAL COURT ERRED, AS A MATTER OF LAW, BY GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT WHEN GENUINE ISSUES OF MATERIAL FACT EXISTED IN THE [RECORD]."
{¶ 4} In their sole assignment of error, Appellants challenge the grant of summary judgment in favor of EMH. Appellants argue that EMH did not present any evidence to suggest that the hospital abided by the duty of care it owes to business invitees. Appellants assert that the hospital was negligent in allowing ice and snow to accumulate on its sidewalk. We disagree.
{¶ 5} We begin our discussion by noting that an appellate court reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co.
(1996), 77 Ohio St.3d 102, 105. We apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7, 12.
{¶ 6} Pursuant to Civil Rule 56(C), summary judgment is proper if:
 "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc.
(1977), 50 Ohio St.2d 317, 327.
{¶ 7} To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. The non-moving party must then present evidence that some issue of material fact remains for the trial court to resolve. Id.
{¶ 8} In an action for negligence, a plaintiff must prove (1) the defendant owed her a duty of care; (2) the defendant breached that duty of care; and (3) as a direct and proximate result of the defendant's breach, the plaintiff suffered injury. Menifee v. Ohio Welding Products,Inc. (1984), 15 Ohio St.3d 75, 77. An owner or occupier of premises owes a business invitee a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger. Paschal v. Rite Aid Pharmacy, Inc.
(1985), 18 Ohio St.3d 203, 203. However, a business owner is not an insurer of the safety of the invitees. Id.
{¶ 9} An owner or occupier generally owes a business invitee no duty to remove natural accumulations of snow or ice. Chatelain v. PortageView Condominiums, 151 Ohio App.3d 98, 2002-Ohio-6764, ¶ 8. However, such a duty can arise if the owner or occupier has superior knowledge of a hazardous condition greater than that which a business invitee would anticipate by reason of his or her knowledge of conditions prevailing generally in the area. Id.; see, also, Debie v. CochranPharmacy-Berwick, Inc. (1967), 11 Ohio St.2d 38, paragraph one of the syllabus. The duty may also arise out of contract. Chatelain, supra, ¶ 8. With respect to an unnatural accumulation of snow and ice, a property owner may be liable if an intervening act of the owner perpetuates or aggravates a pre-existing, hazardous presence of ice and snow. Klein v. Ryan's Family Steak House, 9th Dist. No. 200683, 2002-Ohio-2323, ¶ 10, citing Porter v. Miller (1983),13 Ohio App.3d 93, 95.
{¶ 10} In its motion for summary judgment, EMH argued that there were no genuine issues of material fact and that it was entitled to judgment as a matter of law because Deborah slipped upon a natural accumulation of ice and snow, and therefore, there was no duty owed. EMH relied upon portions of Deborah's deposition transcript, wherein she admitted that the sidewalk was covered with a light coating of snow, and that it appeared that EMH had "probably, maybe, put down rock salt and it had probably frozen up again[.]"
{¶ 11} Appellants argued that EMH failed to produce evidence that it met the duty of care it owed to its invitees. Appellants submitted an affidavit of Deborah, stating that a light snowfall had covered the sidewalk and that "[i]t was apparent *** that EMH's maintenance staff had attempted to clear some of the ice on the sidewalk but had left several sizeable patches." She further stated that EMH had made the ice more treacherous by applying rock salt to the area and allowing the ice to thaw and then freeze. We find that EMH owed no duty to remove the ice and snow under the facts of this case.
{¶ 12} "Melting snow that refreezes into ice is natural, not an unnatural accumulation of ice[.]" Myers v. Forest City Ent., Inc.
(1993), 92 Ohio App.3d 351, 354. Moreover, "prior shoveling or salting does not render subsequent accumulations of ice to be unnatural." Klein, 2002-Ohio-2323, ¶ 18. The fact that an owner or occupier has attempted to clear a sidewalk of snow or ice will not, in and of itself, change a natural accumulation of snow into an unnatural one. See Owensv. French Village Co. (Aug. 18, 1999), 9th Dist. No. 98CA0038, at 5. Therefore, the mere fact that EMH salted the sidewalk and then allowed the sidewalk to freeze again does not turn the natural accumulation of snow and ice into an accumulation that is unnatural. Accordingly, the ice and snow on the sidewalk was a natural accumulation, and EMH did not owe Deborah a duty to remove it. EMH was entitled to judgment as a matter of law, and the trial court did not err when it granted EMH's motion for summary judgment. Appellants' assignment of error is overruled.
 III.
{¶ 13} Having overruled the sole assignment of error, we affirm the judgment of the Lorain County Court of Common Pleas.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellants.
CARR, J. and WHITMORE, J. CONCUR.