DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellants, Clifford and Linda Brockman, appeal the judgment of the Summit County Court of Common Pleas, which granted summary judgment in favor of appellees, Terminal Warehouse, Inc.; Ron Goson, dba RNG Properties; and Fertig Construction. This Court affirms.
 I. {¶ 2} Appellant Clifford Brockman was employed by Terpco Industrial Products, Inc. ("Terpco") at the time relevant to this matter. Terpco leased space from appellee Terminal Warehouse, Inc. ("Terminal Warehouse").
 {¶ 3} Appellants filed a complaint, later amended, alleging that Clifford Brockman suffered injuries when he slipped and fell on ice in a parking lot owned and negligently maintained by appellees Terminal Warehouse and Ron Goson ("Goson"). They further alleged liability on the part of Fertig Construction, with whom Terminal Warehouse had contracted for removal of snow in the parking lot. Linda Brockman asserted a loss of consortium claim. Appellees answered, denying liability.
 {¶ 4} Terminal and Goson filed a motion for summary judgment. Fertig Construction filed a motion for judgment on the pleadings and, in the alternative, a motion for summary judgment. Appellants responded in opposition. Appellees separately replied. The trial court granted appellees' motions for summary judgment and dismissed appellants' complaint. Appellants timely appeal, setting forth one assignment of error for review.
 II. ASSIGNMENT OF ERROR "THE TRIAL JUDGE ERRED, AS A MATTER OF LAW, IN GRANTING SUMMARY JUDGMENT UPON PLAINTIFF-APPELLANTS' CLAIM FOR BREACH OF CONTRACTUAL DUTY TO PLOW SNOW."
 {¶ 5} Appellants argue that the trial court erred by granting summary judgment in favor of appellees. This Court disagrees.
 {¶ 6} This Court reviews an award of summary judgment de novo.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. This Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-WoodwardCo. (1983), 13 Ohio App.3d 7, 12.
 {¶ 7} Pursuant to Civ.R. 56(C), summary judgment is proper if:
 "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
 {¶ 8} To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Dresher v.Burt (1996), 75 Ohio St.3d 280, 293. Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. State ex rel. Zimmerman v. Tompkins (1996), 75 Ohio St.3d 447,449.
 {¶ 9} Appellants assert that their claims against appellees are based upon principles of negligence. To prevail on a claim of negligence, appellants must establish the existence of a duty, a breach of that duty, and an injury proximately resulting from the breach of duty.Menifee v. Ohio Welding Prods., Inc. (1984), 15 Ohio St.3d 75, 77. Whether or not a duty exists is a question of law. Williams v.Garcias (Feb. 7, 2001), 9th Dist. No. 20053.
 {¶ 10} There is no dispute that Mr. Brockman was a business invitee on Terminal Warehouse property at the time of his injury. It is well established under Ohio law that "an owner of property is not liable for injuries to business invitees who slip and fall on natural accumulations of ice and snow." LaCourse v. Fleitz (1986), 28 Ohio St.3d 209, 210. However, this Court has recognized that "[t]he duty to remove natural accumulations of snow or ice can arise when * * * the duty is created by express contract." Chatelain v. Portage View Condominiums,151 Ohio App.3d 98, 2002-Ohio-6764, at ¶ 8.
 {¶ 11} Appellants argue that appellees' duty arose out of contract, specifically under the terms of the lease agreement between Terminal Warehouse and Terpco, and under the terms of the snow plowing contract between Terminal Warehouse and Fertig Construction.
 {¶ 12} The lease agreement provides that Terminal Warehouse as the landlord "shall be responsible for grounds maintenance." Although there is no express provision regarding the removal of snow, William Hanlon, president of Terminal Warehouse, testified during his deposition that he would consider snow plowing to be a part of grounds maintenance. Under these circumstances, this Court finds that appellee had assumed a duty to provide for snow plowing of the grounds leased to Terpco where appellant fell. The mere existence of a duty, however, is not sufficient to support a claim for negligence.
 {¶ 13} There is no dispute that Terminal Warehouse contracted with Fertig Construction for the removal of snow. Both Mr. Hanlon and Leonard Fertig of Fertig Construction testified during their depositions that Fertig Construction was under contract to plow snow at the various properties owned by Terminal Warehouse. In addition, Mr. Hanlon testified that he had prior snow removal contracts with other companies and that he terminated those contracts when the contractors failed to perform under the terms of the contract. Accordingly, appellees presented evidence to show that Terminal Warehouse had met its duty imposed under the lease agreement with Terpco to take responsibility for grounds maintenance. Appellant failed to present any evidence to show that Terminal Warehouse failed to so take responsibility for grounds maintenance.
 {¶ 14} The lease agreement between Terminal Warehouse and Terpco does not provide that Terminal Warehouse shall be responsible for maintaining the grounds in a safe manner, free from all dangers. Accordingly, Terminal Warehouse has assumed no greater duty under contract than what has been provided in the lease. Nevertheless, as the property owner, Terminal Warehouse owes a duty to appellant as a business invitee to use reasonable care to maintain the premises in a reasonably safe condition and to warn of hidden or latent dangers of which Terminal Warehouse knows or reasonably should know. Armstrong v. Best Buy Co., Inc.,99 Ohio St.3d 79, 2003-Ohio-2573, at ¶ 5. The Armstrong court continued that "[w]hen applicable, however, the open-and-obvious doctrine obviates the duty to warn and acts as a complete bar to any negligence claims." Id.
 {¶ 15} The Ohio Supreme Court has held that "[t]he dangers from natural accumulations of ice and snow are ordinarily so obvious and apparent that an occupier of premises may reasonably expect that a business invitee on his premises will discover those dangers and protect himself against them." Sidle v. Humphrey (1968), 13 Ohio St.2d 45, paragraph two of the syllabus. The rationale behind this idea is that the open and obvious nature of the danger itself serves as a warning, so that "the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves." Simmers v. Bentley Constr. Co. (1992),64 Ohio St.3d 642, 644. Therefore, Terminal Warehouse had no duty to remove natural accumulations of ice and snow from its premises. See,Sidle, 13 Ohio St.2d at paragraph three of the syllabus.
 {¶ 16} In this case, appellant testified repeatedly during his deposition that he slipped and fell on a natural accumulation of ice in the parking lot. Appellant testified that he traversed the snow-covered parking lot after arriving for work at 8:50 a.m. Appellant testified that he complained about the unplowed lot and that someone called Fertig Construction. He testified that he was asked to move his vehicle approximately forty minutes later so Fertig Construction could plow the lot. Appellant testified that he noticed a glaze of ice on his windshield as a result of freezing rain which fell in the interim. He testified that he moved his vehicle to another lot. Appellant testified that he slipped and fell on a natural accumulation of ice in the lot as he exited his vehicle to return to work.
 {¶ 17} Under these circumstances, this Court finds that the trial court did not err by granting summary judgment in favor of appellees Terminal Warehouse and Ron Goson. Terminal Warehouse assumed a duty for premises grounds maintenance, including snow removal, and it met that duty by contracting with Fertig Construction for snow removal. Terminal Warehouse and Ron Goson assumed no greater duty under the lease. As a matter of common law, appellees retained the duty to warn of hidden or latent dangers, but appellant admitted repeatedly that he was aware of the snow and ice on the parking lot and that he slipped on a natural accumulation of ice. Accordingly, no genuine issue of material fact exists and appellees Terminal Warehouse and Ron Goson are entitled to judgment as a matter of law.
 {¶ 18} Appellant further argues that Fertig Construction assumed a duty of care under its contract with Terminal Warehouse to provide snow plowing services to Terminal Warehouse properties. This Court disagrees.
 {¶ 19} Although the parties reference the contract for snow plowing services in their respective depositions, there is no copy of the contract attached or filed with the record. Mr. Fertig testified regarding the terms of the contract. He testified that he was hired by Terminal Construction to plow Terminal Warehouse lots specifically to allow for the ingress and egress of trucks on the premises. He testified that he was not responsible for any walkways or sidewalks. In addition, Mr. Fertig testified that the contract provided that he was to plow Terminal Warehouse lots "[i]f at all possible before 7:30 [a.m.]." (Emphasis added.) Mr. Fertig further testified that he had five company trucks to plow thirteen locations and that he was told by Terminal Warehouse agents to plow another Terminal Warehouse property before plowing the property where appellant was injured. Mr. Fertig testified that Terminal Warehouse asked him to plow that location which has lots of hills to ensure the safety and mobility of trucks before plowing Terpco premises.
 {¶ 20} There is no dispute that appellant traversed the unplowed lot at 8:50 a.m. without incident. There is further no dispute that he traversed it again approximately forty minutes later without incident when he went out to move his vehicle. Appellant admitted that there was a glaze of ice on his windshield which accumulated as a result of icy rain which fell between the time of his arrival at work and when he returned to the lot to move his vehicle. Appellant testified that he later fell in another lot on ice. Under these circumstances, even assuming that Fertig Construction was obligated to plow prior to 7:30 a.m., the evidence shows that appellant fell on ice which accumulated after that time. Accordingly, appellant has failed to show that Fertig Construction had assumed any duty under contract in regard to later accumulations of ice or snow. Therefore, no genuine issue of material fact exists, and the trial court did not err by granting summary judgment in favor of appellee Fertig Construction.
 {¶ 21} Appellants' assignment of error is overruled.
 III. {¶ 22} Appellants' assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this Court of Appeals of Ohio, Ninth Judicial District 10
judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellants.
MOORE, P. J. BOYLE, J., CONCUR
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)