OPINION
{¶ 1} Plaintiff-appellant, Robert Burrows, appeals the judgment of the Portage County Court of Common Pleas granting summary judgment in favor of defendant-appellee, Ultimate Wash, Ltd. For the following reasons, we affirm the decision of the court below.
 {¶ 2} On Sunday, February 9, 2003, at about 3:00 p.m., Robert Burrows and his wife, Norma, pulled into the Ultimate Wash self-service car wash off of State Route 82, in Aurora, Ohio. The day was bright and windy. It had snowed a day or two before and the parking lot at the Ultimate Wash had been plowed. Patches of snow and ice were still visible in the parking lot. Earlier that day, between 11:30 a.m. and noon, Kerry Dechant, owner of the Ultimate Wash, had salted the parking lot. The floors of the bays and the sidewalk around the car wash are heated. The sidewalk was clear of snow and ice on the day in question.
 {¶ 3} Burrows pulled into the third of five bays. He exited the vehicle and attempted to feed dollar bills into the washing meter. The meter would not accept the bills so Burrows left the bay to make change. Burrows made his way toward the bill changing machine using the heated sidewalk. As Burrows passed the first washing bay, he stepped off the sidewalk onto the parking lot to avoid water spray coming from the bay. Burrows slipped and fell on the parking lot, hitting his head and suffering a concussion. Norma was notified by another patron that Burrows had fallen. Norma testified that there was black ice in the area where Burrows fell.
 {¶ 4} On May 10, 2004, Burrows filed suit against Ultimate Wash alleging negligence. Ultimate Wash moved for summary judgment. On May 25, 2005, the trial court entered judgment in favor of Ultimate Wash.
 {¶ 5} Burrows timely appeals and raises the following assignment of error: "The Trial Court erred in granting Defendant's Motion for Summary Judgment since genuine issues of material fact existed demonstrating that Defendant Ultimate Wash, LTD. was negligent in creating a hazardous condition on its premises which proximately caused Plaintiff-Appellant Robert Burrows to sustain injury."
 {¶ 6} Pursuant to Civ.R. 56(C), summary judgment is proper when (1) the evidence shows "that there is no genuine issue of material fact" to be litigated, (2) "[t]he moving party is entitled to judgment as a matter of law," and (3) "it appears from the evidence * * * that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence * * * construed most strongly in the party's favor." A trial court's decision to grant summary judgment is reviewed by an appellate court under a de novo standard of review. Grafton v. Ohio Edison Co.,77 Ohio St.3d 102, 105, 1996-Ohio-336. A de novo review requires the appellate court to conduct an independent review of the evidence before the trial court without deference to the trial court's decision.Brown v. Cty. Commrs. of Scioto Cty. (1993),87 Ohio App.3d 704, 711 (citation omitted).
 {¶ 7} "In order to establish actionable negligence, the plaintiff must show the existence of a duty, a breach of the duty, and an injury proximately resulting therefrom." Texler v.D.O. Summers Cleaners Shirt Laundry, Co., 81 Ohio St.3d 677,680, 1998-Ohio-602 (citation omitted).
 {¶ 8} Initially, we must determine whether Burrows' fall was the result of a natural or an unnatural accumulation of ice and snow.
 {¶ 9} A business owner or occupier "owes business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger." Paschal v. Rite Aid Pharmacy,Inc. (1985), 18 Ohio St.3d 203. However, an owner does not owe a duty to invitees to remove natural accumulations of snow and ice. "The dangers from natural accumulations of ice and snow are ordinarily so obvious and apparent that an occupier of premises may reasonably expect that a business invitee on his premises will discover those dangers and protect himself against them."Sidle v. Humphrey (1968), 13 Ohio St.2d 45, paragraph two of the syllabus.
 {¶ 10} This court has adopted a definition of unnatural accumulations of snow or ice as being "man-made" or "man-caused" accumulations. Lawrence v. Jiffy Print, Inc., 11th Dist. No. 2004-T-0065, 2005-Ohio-4043, at ¶ 15, citing Porter v. Miller
(1983), 13 Ohio App.3d 93, 95. "An unnatural accumulation refers to causes and factors other than the winter's low temperatures, strong winds, drifting snow, and natural thaw and freeze cycles. Unnatural accumulations are caused by a person doing something that would cause ice and snow to accumulate in an unexpected place or way." Id. at ¶ 14 (citation omitted).
 {¶ 11} Burrows argues the ice that caused him to fall was an unnatural accumulation, being the result of water running off vehicles exiting the washing bays and mist from the hoses. Since Burrows' theory of how the ice that caused him to fall formed is not an unreasonable inference from the evidence in the record, we must accept that inference in his favor. Civ.R. 56(C). Accordingly, a genuine issue of material fact exists whether Ultimate Wash owed Borrows a duty to maintain the car wash so that Burrows would not be unnecessarily and unreasonably exposed to the danger caused by ice forming outside the bays. See Notmanv. AM/PM, Inc., 11th Dist. No. 2002-T-0144, 2004-Ohio-344, at ¶ 14 (a genuine issue of material fact exists whether the ice accumulations that caused plaintiff to fall were unnatural "in that they could have been formed by mist or runoff from the hoses at the car wash").
 {¶ 12} The second element of Burrows' claim is whether Ultimate Wash breached that duty of care, i.e. whether Ultimate Wash was "actively negligent in permitting and/or creating a dangerous or unnatural accumulation of snow or ice." Lopatkovichv. Tiffin (1986), 28 Ohio St.3d 204, 207. "Even if a hazard is created by some act of a defendant * * *, plaintiff has the burden of proving * * * that such act was a negligent act * * *."Anaple v. Standard Oil Co. (1955), 162 Ohio St. 537, 541. "Whether the duty of ordinary care * * * requires [a business owner] to prevent, remove, or warn against a particular hazard will necessarily depend on factor[s] such as the potential hazard involved, the opportunity which * * * an invitee * * * would * * * have to avoid that potential hazard by the exercise of ordinary care, and the practicability of preventing, removing or warning against such hazard." Id. at 541-542.
 {¶ 13} The undisputed facts of the present case demonstrate that Ultimate Wash did all that it could reasonably be expected to do to protect its invitees from the danger posed by freezing runoff from the washing bays. The parking lot had been plowed since the previous snowfall. Dechant had salted the area outside the washing bays earlier that day. There were signs posted in all the bays warning that "bays may be slippery when wet or icy." The floors of the bays were heated. There was a sidewalk leading from the bays to the bill changing machine which was also heated and free from ice on the day in question.
 {¶ 14} The risk of freezing water is inherent in the operation of any car wash in a climate where the temperature may remain below freezing for weeks at a time. Ultimate Wash's duty is not to guarantee that ice from runoff water never forms, but to ensure that its patrons were not unreasonably nor unnecessarily exposed to that danger when it occurs. The danger of freezing runoff or mist in the operation of a car wash is one that cannot be completely avoided. Accordingly, it is incumbent upon the business owner to take reasonable precautions to minimize the risk and upon invitees to take reasonable precautions to protect themselves from this risk.[1]
 {¶ 15} Burrows' own duty of care leads to a consideration of the third element of the claim, the proximate cause of Burrows' injury. "[E]ven when an owner or occupier is aware of an unnatural accumulation of ice and breaches its duty by failing to remove or warn, the owner or occupier will not be liable `if the owner or occupier and the invitee are equally aware of the dangerous condition and the invitee voluntarily exposes himself to the hazard, the owner or occupier will not be liable.'"Notman, 2004-Ohio-344, at ¶ 16 (citation omitted); Bowins v.Euclid Gen. Hosp. (1984), 20 Ohio App.3d 29, 31.
 {¶ 16} Burrows fell only after he left the heated sidewalk. Burrows testified that he was aware of snow and ice in the parking area and that the snow and ice were clearly visible. However, Burrows decided to cut across the parking lot because of spray coming out of the first bay. Burrows' decision to leave the ice-free sidewalk, rather than waiting for the person using the first bay to change the direction of the spray, constitutes Burrows' own failure to exercise ordinary care. But for Burrows' decision to leave the sidewalk, Burrows would have been able to reach the money changing machine without encountering any accumulation of snow or ice.
 {¶ 17} In sum, Ultimate Wash's duty to Burrows "was to keep [its] premises in a reasonably safe condition and to warn [Burrows] about any hidden dangers of which [it] had or should have had knowledge." Estate of Mealy v. Sudheendra, 11th Dist. No. 2003-T-0065, 2004-Ohio-3505, at ¶ 29. Ultimate Wash was cognizant of the danger of ice forming outside the washing bays and took reasonable precautions, plowing and salting the parking area and providing heated walkways. Ultimate Wash warned Burrows of the danger by posting signs warning of icy conditions. Burrows testified that the parking area had been plowed but that patches of snow and ice remained; that the walkway was clear; that nothing prevented him seeing the snow and ice in the parking area; and that he chose to walk in the parking area because of water spray coming from one of the washing bays. Based on the record before us, Burrows has failed to demonstrate that a genuine issue of material fact exists regarding the elements of breach of duty and proximate cause. Burrows' assignment of error is without merit.
 {¶ 18} For the foregoing reasons, the judgment of the Portage County Court of Common Pleas granting summary judgment in Ultimate Wash's favor is affirmed.
Rice, J., concurs, O'Toole, J., concurs in judgment only.
[1] Although this court has declined to do so, other appellate districts have held that the dangers posed by freezing runoff from a car wash constitute an "open and obvious" hazard relieving the operator of a car wash from any duty toward its patrons relative to freezing runoff. See Couture v. Oak Hill Rentals,Ltd., 6th Dist. No. OT-03-048, 2004-Ohio-5237, at ¶ 18; Bevinsv. Arledge, 4th Dist. No. 03CA19, 2003-Ohio-7297, at ¶ 19.